■ In the Matter of Louis D. STOBER, Respondent, v GABA & STOBER, P. C., Appellant. [686 NYS2d 440] —In a proceeding, *inter alia,* pursuant to Business Corporation Law § 1104-a for the dissolution of a professional corporation engaged in the practice of law, the appeal, as limited by the appellant's brief, is from so much of an order of the Supreme Court, Nassau County (Phelan, J.), dated June 1, 1998, as granted the petitioner's cross motion to disqualify Barbara Gaba, Esq., as co-counsel for the appellant.

Ordered that the order is affirmed insofar as appealed from, with costs.

In this proceeding, *inter alia,* for the dissolution of a professional corporation engaged in the practice of law, the petitioner alleged that the majority shareholder had acted against the interests of the corporation, by, among other things, charging the gasoline and photocopying expenses of his wife, Barbara Gaba, Esq., to the corporation and by providing her with a rent-free suite in the corporate offices. Following her submission of an affidavit addressing these allegations, Gaba filed a notice of appearance in the proceeding, indicating that she would act as co-counsel with the law firm that was already representing the appellant. The petitioner promptly objected to her participation and cross-moved to disqualify her, *inter alia,* pursuant to the advocate-witness rule of Code of Professional Responsibility DR 5-102 (B) (22 NYCRR 1200.21 [b]). The Supreme Court properly granted the cross motion.

Notwithstanding the appellant's claims to the contrary, it is obvious that Gaba may be called as a witness by the petitioner

at a trial of this proceeding, and that her testimony may be prejudicial to her client (*see,* Code of Professional Responsibility DR 5-102 [B] [22 NYCRR 1200.21 (b)]). The petition alleges Gaba's unauthorized receipt of valuable benefits from the corporation. Although she does not deny receiving these benefits, Gaba suggested in her August 1997 affidavit that they were in exchange for professional advice she provided to the corporation and for the corporation's use of her artwork and furniture. However, following her appearance as co-counsel, she averred in opposition to the cross motion to disqualify that she had no knowledge regarding the manner in which her expenses were paid or whether any agreement existed to provide her with the aforementioned benefits. Under these circumstances, it is likely that the petitioner will call Gaba as a witness in order to fully explore these matters (*see generally, Matter of Bartoli,* 143 AD2d 830), and there is a strong probability that her testimony, which is relevant and necessary (*see generally, S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.,* 69 NY2d 437; *Plotkin v Interco Dev. Corp.,* 137 AD2d 671), would be detrimental to her client. Accordingly, since a motion to disqualify is addressed to the sound discretion of the court (*see, Solomon v New York Prop. Ins. Underwriting Assn.,* 118 AD2d 695), and any doubts are to be resolved in favor of disqualification (*see, 108th St. Owners Corp. v Overseas Commodities,* 238 AD2d 324), we discern no improvident exercise of discretion by the court in disqualifying Gaba from acting as co-counsel for the appellant. O'Brien, J. P., Sullivan, Joy and Krausman, JJ., concur.