■ JEFFREY FALK et al., Appellants, v VICTOR GALLO et al., Respondents. [901 NYS2d 99]—

In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Driscoll, J.), entered July 8, 2009, which granted the defendants' motion to disqualify the plaintiffs' attorney.

Ordered that the order is affirmed, with costs.

The plaintiffs commenced this action, inter alia, to recover damages for breach of contract. The defendants moved to disqualify the plaintiffs' attorney on the ground that he was a necessary trial witness for the defendants because he was present during conversations between the parties regarding the terms of the oral agreement at issue. The Supreme Court granted the defendants' motion, and we affirm.

The disqualification of an attorney is a matter that rests within the sound discretion of the Supreme Court (*see Nationscredit Fin. Servs. Corp. v Turcios*, 41 AD3d 802 [2007]). A party's entitlement to be represented by counsel of his or her

choice is a valued right which should not be abridged absent a clear showing that disqualification is warranted (*see Aryeh v Aryeh*, 14 AD3d 634 [2005]). Thus, the party seeking to disqualify an attorney bears the burden on the motion (*see S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.*, 69 NY2d 437 [1987]; *Nationscredit Fin. Servs. Corp. v Turcios*, 41 AD3d 802 [2007]).

The advocate-witness rules contained in the Code of Professional Responsibility, which have been superseded by the Rules of Professional Conduct, provide guidance, but are not binding authority, for the courts in determining whether a party's attorney should be disqualified during litigation (*see S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.*, 69 NY2d 437 [1987]). Rule 3.7 of the Rules of Professional Conduct provides that unless certain exceptions apply, "[a] lawyer shall not act as an advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact" (Rules of Professional Conduct [22 NYCRR 1200.0] rule 3.7 [a]). Here, since the plaintiffs' attorney was the only person, other than the parties, who had knowledge of any discussions regarding the terms of the oral agreement underlying this litigation, he is "likely to be a witness on a significant issue of fact" (Rules of Professional Conduct [22 NYCRR 1200.0] rule 3.7 [a]; *see Matter of Stober v Gaba & Stober, P.C.*, 259 AD2d 554 [1999]). Accordingly, the Supreme Court properly granted the defendants' motion to disqualify the plaintiffs' attorney (*see Matter of Stober v Gaba & Stober*, 259 AD2d 554 [1999]; Rules of Professional Conduct [22 NYCRR 1200.0] rule 3.7). Skelos, J.P., Balkin, Roman and Sgroi, JJ., concur.