L. Victoria Friia, Respondent, v Steven Palumbo, Appellant. [932 NYS2d 542]—

"A party's entitlement to be represented in ongoing litigation by counsel of its choice is a valued right" (*Hudson Val. Mar., Inc. v Town of Cortlandt*, 54 AD3d 999, 1000 [2008]; *see S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.*, 69 NY2d 437, 440 [1987]; *Wolfson v Posner*, 57 AD3d 979, 980 [2008]). Nevertheless, pursuant to rule 3.7 of the Rules of Professional Conduct (22 NYCRR 1200.0), unless certain exceptions apply, "[a] lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact" (Rules of Professional Conduct [22 NYCRR 1200.0] rule 3.7 [a]; *see Falk v Gallo*, 73 AD3d 685, 686 [2010]; *see also S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.*, 69 NY2d at 445-446).

The plaintiff contended that she contributed substantially all of the funds on deposit in certain joint bank accounts held by the parties, such that the defendant's conduct in withdrawing a large portion of those funds constituted conversion. The defendant contended that one of those bank accounts contained his separate funds, which he had transferred into the plaintiff's name on the advice of the plaintiff's present counsel at a time when he was a defendant in an unrelated personal injury action. The plaintiff, who was present when the defendant consulted with her attorney regarding the personal injury action, denies that any such advice was given. Since the origin of the funds in the joint accounts is a significant factual issue in the case, and because the plaintiff's counsel is the "only person, other than the parties, who had knowledge of" the advice he

gave to the defendant regarding a portion of those funds, and is in a position to corroborate the testimony of one of the parties, he is "likely to be a witness on a significant issue of fact" (*Falk v Gallo*, 73 AD3d at 686 [internal quotation marks omitted]). Accordingly, the Supreme Court improvidently exercised its discretion in denying the defendant's motion to disqualify the plaintiff's counsel (*id.*; *see Kattas v Sherman*, 32 AD3d 496, 497 [2006]; *Bridges v Alcan Constr. Corp.*, 134 AD2d 316, 317 [1987]).

In light of our determination, we need not reach the parties' remaining contentions. Prudenti, P.J., Skelos, Balkin and Sgroi, JJ., concur. **[Prior Case History: 2011 NY Slip Op 30258(U).]**