In an action, inter alia, to recover damages for breach of contract, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Schack, J.), dated June 4, 2012, as denied those branches of his motion which were to disqualify Alan J. Rich as the plaintiffs counsel *828 and to dismiss the causes of action alleging a violation of the New York City Human Rights Law (Administrative Code of City of NY § 8-107), negligence, and breach of contract.
Ordered that the order is modified, on the law and in the exercise of discretion, (1) by deleting the provision thereof denying that branch of the defendant’s motion which was to dismiss the plaintiffs fifth cause of action and substituting therefor a provision granting that branch of the motion, and (2) by deleting the provision thereof denying that branch of the defendant’s motion which was to disqualify Alan J. Rich as the plaintiffs counsel and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
After the plaintiff’s employment was terminated, she commenced an action in federal court alleging that she was discriminated against for taking a medical leave (see Victoria Fuller v Interview, Inc., 2009 WL 3241542, 2009 US Dist LEXIS 93157 [SD NY 2009, No. 07-CV-5728 (RJS) (DF)] [hereinafter the federal action]). The plaintiff retained the defendant herein, a board certified forensic psychiatrist, as an expert in the federal action. The defendant subsequently resigned as the plaintiffs expert, and the plaintiff commenced the instant action against him, alleging that the defendant failed to provide an expert report as contemplated by the parties’ retainer agreement. The complaint in the instant action alleged five causes of action: (1) breach of express contract; (2) breach of implied contract; (3) conversion; (4) negligence; and (5) violation of the New York City Human Rights Law (Administrative Code of City of NY § 8-107; hereinafter the NYCHRL). The plaintiff alleged, inter alia, that the defendant interfered with her rights under the NYCHRL by failing to provide an expert report and resigning as her expert prior to the trial in the federal action, and thereby sabotaged her rights in the federal action.
The defendant moved pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint in its entirety and pursuant to rule 3.7 of the Rules of Professional Conduct (22 NYCRR 1200.0) to disqualify Alan J. Rich as the plaintiffs counsel. The Supreme Court denied those branches of the defendant’s motion which were to dismiss the causes of action to recover damages for breach of contract, negligence, and a violation of the NYCHRL, and to disqualify the plaintiffs counsel.
On a motion pursuant to CPLR 3211 (a) (7) to dismiss a pleading for failure to state a cause of action, the pleading must be liberally construed, the factual allegations must be deemed true, and the pleading party must be accorded the benefit of every *829 possible inference (see Leon v Martinez, 84 NY2d 83, 87 [1994]; Kopelowitz & Co., Inc. v Mann, 83 AD3d 793, 797 [2011]; Panish v Panish, 24 AD3d 642, 643 [2005]). Applying this standard to the allegations set forth in the complaint, the Supreme Court properly determined that the complaint sufficiently stated a cause of action to recover damages for breach of contract (see CPLR 3211 [a] [7]; JP Morgan Chase v J.H. Elec. of N.Y., Inc., 69 AD3d 802, 803 [2010]) and negligence (see Health Acquisition Corp. v Program Risk Mgt., Inc., 105 AD3d 1001, 1004-1005 [2013]; Landon v Kroll Lab. Specialists, Inc., 91 AD3d 79, 83 [2011], affd 22 NY3d 1 [2013]).
Furthermore, the defendant was not entitled to dismissal pursuant to CPLR 3211 (a) (1) of the cause of action to recover damages for breach of contract, since he failed to conclusively establish as a matter of law a defense to that cause of action (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]; Americredit Fin. Servs., Inc. v Decoteau, 103 AD3d 761, 763 [2013]).
However, the Supreme Court should have granted that branch of the defendant’s motion which was pursuant to CPLR 3211 (a) (7) to dismiss the fifth cause of action, which alleged that the defendant violated the NYCHRL. The provisions of the NYCHRL “must be construed ‘broadly in favor of discrimination plaintiffs, to the extent that such a construction is reasonably possible’ ” (Nelson v HSBC Bank USA, 87 AD3d 995, 997 [2011], quoting Albunio v City of New York, 16 NY3d 472, 477-478 [2011]). Even given this liberal construction, the plaintiffs allegations against the defendant do not give rise to a cognizable theory under the NYCHRL against the defendant. The plaintiff’s theory that the defendant aided and abetted the plaintiffs employer, or discriminated against the plaintiff by allegedly failing to provide an expert report and resigning as an expert witness prior to trial, is not based on a reasonable construction of the NYCHRL (see generally Albunio v City of New York, 16 NY3d 472 [2011]).
Further, the Supreme Court should have granted that branch of the defendant’s motion which was to disqualify the plaintiffs counsel pursuant to the advocate-witness rules (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 3.7). The advocate-witness rules contained in the Code of Professional Responsibility, which has been superseded by the Rules of Professional Conduct, provide guidance for the courts, but are not binding authority, in determining whether a party’s attorney should be disqualified during litigation (see S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., 69 NY2d 437, 444- *830 445 [1987]). Rule 3.7 of the Rules of Professional Conduct (22 NYCRR 1200.0) provides that, unless certain exceptions apply, “[a] lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact” (Rules of Professional Conduct [22 NYCRR 1200.0] rule 3.7 [a]). Here, since the plaintiffs attorney was the only person, other than the defendant, who had knowledge of any discussions regarding the terms of the agreement by which the defendant was retained as an expert witness and the actions or omissions which form the grounds for the plaintiffs causes of action alleging breach of contract and negligence, he is “likely to be a witness on a significant issue of fact” (Rules of Professional Conduct [22 NYCRR 1200.0] rule 3.7 [a]; see Falk v Gallo, 73 AD3d 685, 686 [2010]; Matter of Stober v Gaba & Stober, 259 AD2d 554, 555 [1999]). Accordingly, the Supreme Court improvidently exercised its discretion in denying that branch of the defendant’s motion which was to disqualify Alan J. Rich as the plaintiffs counsel (see Friia v Palumbo, 89 AD3d 896, 897 [2011]; Kattas v Sherman, 32 AD3d 496, 497 [2006]; Matter of Stober v Gaba & Stober, 259 AD2d at 555). Rivera, J.P., Leventhal, Hall and Roman, JJ., concur.