■ CINDY ANN LAUDER, Respondent, v PAUL B. GOLDHAMER, Individually and as Chief Executive Officer of KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C., et al., Appellants. [998 NYS2d 79]—

In an action, inter alia, to recover damages for legal malpractice, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Walsh II, J.), dated September 24, 2013, as denied those branches of their motion pursuant to CPLR 3211 (a) (7) which were to dismiss the amended complaint insofar as asserted against the defendant Paul B. Goldhamer individually, and to dismiss the second, sixth, and seventh causes of action, and granted the plaintiff's cross motion to disqualify attorney Barry Kantrowitz from representing the defendants and for leave to serve a second amended complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff was a former matrimonial client of the defendant Kantrowitz Goldhamer & Graifman, P.C. (hereinafter the firm), of which the defendant Paul B. Goldhamer is a partner. The plaintiff commenced this action against the defendants to recover damages, inter alia, for legal malpractice, breach of fiduciary duty, and violation of Judiciary Law § 487, and to set aside a retainer agreement. The defendants moved pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint insofar as asserted against Goldhamer individually, and to dismiss the second through seventh causes of action. The plaintiff thereafter voluntarily withdrew the third, fourth, and fifth causes of action asserted in the amended complaint, and cross-moved to disqualify attorney Barry Kantrowitz, a partner of the firm, from representing the defendants, and for leave to serve a second amended complaint. The Supreme Court denied those branches of the defendants' motion which were to dismiss the amended complaint insofar as asserted against Goldhamer individually, and to dismiss the second, sixth, and seventh causes of action, and granted the plaintiff's cross motion.

The Supreme Court properly denied that branch of the defendants' motion which was to dismiss the amended complaint insofar as asserted against Goldhamer individually. In determining a motion pursuant to CPLR 3211 (a) (7) to dismiss a complaint, the facts alleged in the complaint must be deemed to be true, and the plaintiff must be accorded the benefit of every favorable inference (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). Further, a court may consider affidavits submitted by the plaintiff to remedy any defects in the complaint (*see Freeman v City of New York*, 111 AD3d 780, 781 [2013]; *Pasquaretto v Long Is. Univ.*, 106 AD3d 794, 795 [2013]).

Here, considering the amended complaint and the plaintiff's affidavit, the plaintiff alleged that negligent acts were commit-

ted personally by Goldhamer. The plaintiff also alleged that negligent acts were committed by the defendant Randy Perlmutter under Goldhamer's direct supervision and control. Goldhamer would be personally liable for any such negligence (*see* Business Corporation Law § 1505 [a]; *Beltrone v General Schuyler & Co.*, 223 AD2d 938 [1996]). Thus, the amended complaint stated causes of action against Goldhamer individually.

Contrary to the defendants' contention, the second cause of action, which was to recover damages for breach of fiduciary duty, and was based upon the defendants' alleged conduct of charging her unnecessary and excessive fees, and the sixth and seventh causes of action, which were to set aside the retainer agreement and to recover damages for violation of Judiciary Law § 487, respectively, were not duplicative of the cause of action to recover damages for legal malpractice (*see Tanenbaum v Molinoff*, 118 AD3d 774 [2014]; *Postiglione v Castro*, 119 AD3d 920, 922 [2014]; *Loria v Cerniglia*, 69 AD3d 583 [2010]; *Moormann v Perini & Hoerger*, 65 AD3d 1106, 1108 [2009]). Therefore, dismissal of those causes of action was not warranted on that ground.

The defendants' arguments concerning the eighth cause of action alleged in the amended complaint are not properly before this Court, since the defendants did not move to dismiss that cause of action and have raised these arguments for the first time on appeal (*see Canzona v Atanasio*, 118 AD3d 837 [2014]).

The Supreme Court did not improvidently exercise its discretion in granting the plaintiff's motion for leave to serve a second amended complaint. In the absence of prejudice or surprise to the opposing party, leave to amend a pleading should be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit (*see* CPLR 3025 [b]; *Postiglione v Castro*, 119 AD3d 920 [2014]; *Bernardi v Spyratos*, 79 AD3d 684 [2010]). Here, there was no prejudice or surprise to the defendants, and the proposed second amended complaint was not palpably insufficient or patently devoid of merit.

The disqualification of an attorney is a matter that rests within the sound discretion of the Supreme Court (*see Nationscredit Fin. Servs. Corp. v Turcios*, 41 AD3d 802, 802 [2007]). Here, the Supreme Court did not improvidently exercise its discretion in granting that branch of the plaintiff's cross motion which was to disqualify Kantrowitz from representing the defendants pursuant to the advocate-witness rules (*see* Rules of Professional Conduct [22 NYCRR 1200.0] rule 3.7). The allegations in the amended complaint and the plaintiff's affidavit

established that the testimony of Kantrowitz, who was the only attorney involved in the plaintiff's execution of the retainer agreement and who the plaintiff alleged made certain misrepresentations that induced her to execute the agreement, would be necessary to resolve issues pertinent to the cause of action to set aside the retainer agreement (*see Fuller v Collins*, 114 AD3d 827 [2014]; *Falk v Gallo*, 73 AD3d 685 [2010]).

Accordingly, the Supreme Court properly denied those branches of the defendants' motion pursuant to CPLR 3211 (a) (7) which were to dismiss the amended complaint insofar as asserted against the defendant Paul B. Goldhamer individually, and to dismiss the second, sixth, and seventh causes of action, and properly granted the plaintiffs' cross motion. Skelos, J.P., Dickerson, Chambers and Sgroi, JJ., concur.