■ DAVID S. GOULD et al., Appellants, v JOSEPH DECOLATOR et al., Respondents. [15 NYS3d 145]—

In an action, inter alia, to recover legal fees, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Parga, J.), entered January 10, 2014, which granted the defendants' motion to disqualify Steven L. Salzman and Steven L. Salzman, P.C., as counsel for the plaintiff David S. Gould, P.C.

Ordered that the order is affirmed, with costs.

Most of the relevant facts of this dispute are set forth in a decision and order of this Court determining an appeal in a companion case (*see Gould v Decolator*, 131 AD3d 445 [2015] [decided herewith]).

In February 2002, attorney Steven L. Salzman negotiated and drafted an agreement between the parties pertaining to the payment of legal fees. The agreement included a provision

which set forth the parties' understanding of how the plaintiff David S. Gould was going to be paid for legal work that he performed for the defendants after January 2002. In an order dated July 31, 2013, the Supreme Court precluded Salzman and his law firm, Steven L. Salzman, P.C. (hereinafter together the Salzman attorneys), from attending the depositions in this matter unless they appeared as counsel of record for one or both of the plaintiffs. In response to the July 2013 order, the Salzman attorneys appeared in the action as counsel of record for the plaintiff law firm, David S. Gould, P.C. The defendants thereafter moved to disqualify the Salzman attorneys from representing either Gould or the plaintiff law firm on the ground that they expected Salzman to be called as a witness in this action. In an order entered January 10, 2014, the Supreme Court granted the motion. The plaintiffs appeal, and we affirm.

"A party's entitlement to be represented in ongoing litigation by counsel of his or her own choosing is a valued right which should not be abridged absent a clear showing that disqualification is warranted" (*Gulino v Gulino*, 35 AD3d 812, 812 [2006]; *see Aryeh v Aryeh*, 14 AD3d 634 [2005]; *Dominguez v Community Health Plan of Suffolk*, 284 AD2d 294 [2001]). The advocate-witness rules contained in Rules of Professional Conduct (22 NYCRR 1200.0) rule 3.7 provide guidance, but not binding authority, for courts in determining whether to disqualify an attorney (*see S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.*, 69 NY2d 437, 440 [1987]; *Fuller v Collins*, 114 AD3d 827 [2014]). In addition, courts must consider such factors as the valued right to choose one's own counsel and the fairness and effect of granting disqualification or continuing representation (*see S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.*, 69 NY2d at 440). Disqualification of an attorney is a matter that rests within the sound discretion of the trial court (*see Lauder v Goldhamer*, 122 AD3d 908 [2014]; *Nationscredit Fin. Servs. Corp. v Turcios*, 41 AD3d 802, 802 [2007]; *Gulino v Gulino*, 35 AD3d 812 [2006]).

Here, Salzman was likely to be a witness with respect to a significant issue of fact in this litigation. He negotiated and drafted an agreement between the parties that was relevant to the plaintiffs' quantum meruit cause of action since it included a provision setting forth how Gould was going to be paid for the work that he performed for the defendants after January 2002. Thus, Salzman had personal knowledge of that material fact. Under these circumstances, the Supreme Court providently exercised its discretion in granting the defendants' motion to disqualify the Salzman attorneys from representing the

plaintiff David S. Gould, P.C., pursuant to the advocate-witness rules (*see Lauder v Goldhamer*, 122 AD3d 908 [2014]; *Fuller v Collins*, 114 AD3d at 830; *Falk v Gallo*, 73 AD3d 685, 686 [2010]; *Kattas v Sherman*, 32 AD3d 496, 497 [2006]).

The plaintiffs' remaining contentions are without merit. Chambers, J.P., Hall, Cohen and Maltese, JJ., concur.