■ JILL SPIELBERG et al., Appellants, v TWIN OAKS CONSTRUCTION COMPANY, LLC, et al., Respondents. [20 NYS3d 911]—

In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Giacomo, J.), dated February 5, 2015, as granted that branch of the defendants' motion which was to disqualify Leonard Spielberg from representing the plaintiffs in this action.

Ordered that the order is affirmed insofar as appealed from, with costs.

"The disqualification of an attorney is a matter that rests within the sound discretion of the Supreme Court" (*Lauder v Goldhamer*, 122 AD3d 908, 910 [2014]; *see Nationscredit Fin. Servs. Corp. v Turcios*, 41 AD3d 802, 802 [2007]). "A party's entitlement to be represented in ongoing litigation by counsel of his or her own choosing is a valued right which should not be abridged absent a clear showing that disqualification is warranted" (*Aryeh v Aryeh*, 14 AD3d 634, 634 [2005]; *see Gulino v Gulino*, 35 AD3d 812, 812 [2006]; *Dominguez v Community Health Plan of Suffolk*, 284 AD2d 294, 294 [2001]). "The advocate-witness rules contained in Rules of Professional Conduct (22 NYCRR 1200.0) rule 3.7 provide guidance, but not binding authority, for courts in determining whether to disqualify an attorney" (*Gould v Decolator*, 131 AD3d 448, 449

[2015]). "[P]ursuant to rule 3.7 of the Rules of Professional Conduct (22 NYCRR 1200.0), unless certain exceptions apply, '[a] lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact' " (*Friia v Palumbo*, 89 AD3d 896, 896 [2011]).

Here, the Supreme Court providently exercised its discretion in granting that branch of the defendants' motion which was to disqualify Leonard Spielberg from representing the plaintiffs in this action. He participated in negotiating the subject contract and was likely to be a witness with respect to a significant factual issue in this litigation. Under these circumstances, his disqualification was warranted (*see Gould v Decolator*, 131 AD3d at 449-450; *Friia v Palumbo*, 89 AD3d at 896-897; *Falk v Gallo*, 73 AD3d 685, 686 [2010]; *cf. S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.*, 69 NY2d 437 [1987]).

The plaintiffs' remaining contention is without merit. Mastro, J.P., Dickerson, Roman and Maltese, JJ., concur.