■ GOLDBERG & CONNOLLY, Respondent, v UPGRADE CONTRACTING Co., INC., Appellant. [24 NYS3d 124]—

In an action, inter alia, to recover damages for breach of contract and on an account stated, in which the defendant counterclaimed to recover damages for legal malpractice, the

defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Marber, J.), dated February 19, 2014, as granted the plaintiff's motion to disqualify its attorney, James Haddad, and denied its motion for summary judgment dismissing the complaint and on its counterclaim.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff is a law firm that was retained by the defendant, inter alia, to represent it as a third-party defendant in a personal injury action. After the conclusion of the underlying action, the plaintiff commenced this action against the defendant, among other things, to recover damages for breach of contract and on an account stated, seeking to recover unpaid legal fees. The defendant asserted a counterclaim to recover damages for legal malpractice. The plaintiff moved to disqualify the defendant's attorney, James Haddad, on the basis that Haddad would be a witness in this action. The defendant cross-moved, inter alia, for summary judgment dismissing the complaint and on its counterclaim. The Supreme Court granted the plaintiff's motion and denied the defendant's cross motion. The defendant appeals. We affirm.

The disqualification of an attorney is a matter that rests within the sound discretion of the Supreme Court (*see Gould v Decolator*, 131 AD3d 448 [2015]; *Lauder v Goldhamer*, 122 AD3d 908 [2014]; *Nationscredit Fin. Servs. Corp. v Turcios*, 41 AD3d 802, 802 [2007]). Rule 3.7 (a) of the Rules of Professional Conduct (22 NYCRR 1200.0) provides that, unless certain exceptions apply, "[a] lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact." Based upon the allegations supporting the defendant's counterclaim and the statements contained in Haddad's affirmation in opposition to the plaintiff's motion and in support of the defendant's cross motion, Haddad is likely to be a witness on the significant facts pertaining to the plaintiff's acts allegedly constituting malpractice and the actions taken by Haddad to mitigate the alleged damage caused by the malpractice. The Supreme Court, therefore, providently exercised its discretion in granting the plaintiff's motion to disqualify Haddad from representing the defendant in this action (*see Fuller v Collins*, 114 AD3d 827 [2014]).

The Supreme Court also properly denied the defendant's cross motion for summary judgment dismissing the complaint and on its counterclaim. The defendant failed to establish its prima facie entitlement to judgment as a matter of law on its

counterclaim, as the defendant failed to submit any evidence, other than the speculative and factually unsupported opinion of its attorney, that the plaintiff committed any acts of malpractice, or that the defendant was damaged thereby (*see Barouh v Law Offs. of Jason L. Abelove*, 131 AD3d 988, 991 [2015]; *Quantum Corporate Funding, Ltd. v Ellis*, 126 AD3d 866 [2015]).

Concomitantly, in support of that branch of its cross motion which was for summary judgment dismissing the complaint, the defendant failed to submit evidence in support of its contention that it was justified in refusing to pay the attorney's fees allegedly incurred in light of the plaintiff's alleged malpractice. Further, since the defendant presented no evidence that it did not receive and retain, without objection, invoices for legal services rendered, the defendant failed to establish its prima facie entitlement to summary judgment dismissing the causes of action to recover on an account stated (*cf. Callaghan v Curtis*, 82 AD3d 816 [2011]; *Gassman & Keidel, P.C. v Adlerstein*, 63 AD3d 784 [2009]). Accordingly, the Supreme Court properly denied the defendant's cross motion for summary judgment dismissing the complaint and on its counterclaim, without regard to the sufficiency of the opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]). Leventhal, J.P., Dickerson, Maltese and Duffy, JJ., concur.