(October 19, 2016)

■ Consolata A. Bajohr, Plaintiff, v Stuart R. Berg, Esq., et al., Defendants. (Action No. 1.) Josephine Longo, Appellant, et al., Plaintiff, v Consolata A. Bajohr, Respondent. (Action No. 2.). [39 NYS3d 241]—

In an action, inter alia, to recover damages for breach of fiduciary duty (action No. 1), and a related action, inter alia, for declaratory relief (action No. 2), which were joined for trial, Josephine Longo, a plaintiff in action No. 2, appeals, by permission, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Hart, J.), entered August 26, 2014, as granted that branch of the oral application of Consolata A. Bajohr, the plaintiff in action No. 1 and the defendant in action No. 2, which was to disqualify attorneys Stuart R. Berg and Stuart R. Berg, P.C., the defendants in action No. 1, from representing Josephine Longo in action No. 2.

Ordered that the order is affirmed insofar as appealed from, with costs.

Consolata A. Bajohr commenced an action against attorney Stuart R. Berg and his law firm, Stuart R. Berg, P.C. (action

No. 1), in which she alleged that Berg breached his fiduciary duty in connection with certain money that he was holding in escrow. Josephine Longo and Phyllis Longo commenced a separate action against Bajohr (action No. 2), seeking, among other things, a judgment declaring that they were entitled to the money that Berg was holding in escrow. The two actions were joined for trial. In an order entered August 26, 2014, the Supreme Court, inter alia, granted that branch of Bajohr's oral application which was to disqualify Berg and his law firm from representing Josephine Longo in action No. 2. Josephine Longo appeals, by permission, from that portion of the order.

The disqualification of an attorney is a matter that rests within the sound discretion of the trial court (*see Ike & Sam's Group, LLC v Brach*, 138 AD3d 690, 692 [2016]; *Goldberg & Connolly v Upgrade Contr. Co., Inc.*, 135 AD3d 703, 704 [2016]; *Spielberg v Twin Oaks Constr. Co., LLC*, 134 AD3d 1015 [2015]). " 'The advocate-witness rules contained in Rules of Professional Conduct (22 NYCRR 1200.0) rule 3.7 provide guidance, but not binding authority, for courts in determining whether to disqualify an attorney' " (*Spielberg v Twin Oaks Constr. Co., LLC*, 134 AD3d at 1015, quoting *Gould v Decolator*, 131 AD3d 448, 449 [2015]). " '[P]ursuant to rule 3.7 of the Rules of Professional Conduct (22 NYCRR 1200.0), unless certain exceptions apply, [a] lawyer shall not act as [an] advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact' " (*Spielberg v Twin Oaks Constr. Co., LLC*, 134 AD3d at 1016, quoting *Friia v Palumbo*, 89 AD3d 896, 896 [2011]).

Here, Berg, who is a defendant in action No. 1, is likely to be called as a witness on significant issues of fact regarding his conduct with respect to the money that he is holding in escrow (*see Goldberg & Connolly v Upgrade Contr. Co., Inc.*, 135 AD3d at 704; *Spielberg v Twin Oaks Constr. Co., LLC*, 134 AD3d at 1016; *Gould v Decolator*, 131 AD3d at 449). Accordingly, the Supreme Court providently exercised its discretion in granting that branch of Bajohr's oral application which was to disqualify Berg and his law firm from representing Josephine Longo in action No. 2. Balkin, J.P., Dickerson, Cohen and Brathwaite Nelson, JJ., concur.