Appeals by the defendant from (1) an order of the Supreme Court, Nassau County (Stacy D. Bennett, J.), dated June 4, 2015, and (2) an order of that court dated October 6, 2015. The order dated June 4, 2015, insofar as appealed from, granted that branch of the plaintiff’s motion which was to disqualify the nonparty Alexander Potruch from representing the defendant in this action. The order dated October 6, 2015, insofar as appealed from, denied that branch of the defendant’s motion which was for leave to renew his opposition to that branch of the plaintiff’s motion which was to disqualify Alexander Potruch from representing him in this action.
 

 Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.
 

 In this matrimonial action in which the parties were divorced by a judgment dated June 8, 2001, the plaintiff moved, among other things, to disqualify the nonparty Alexander Potruch from representing the defendant. In an order dated June 4, 2015, the Supreme Court granted that branch of the plaintiff’s motion. Subsequently, the defendant moved, inter alia, for leave to renew his opposition to that branch of the plaintiff’s motion which was to disqualify his counsel. In an order dated October 6, 2015, the court denied that branch of the defendant’s motion. The defendant appeals from both orders.
 

 To succeed on a motion to disqualify counsel on the ground that he or she may be called as a witness, the movant has the burden of demonstrating that the testimony of the opposing party’s counsel is necessary to his or her case, and that such testimony would be prejudicial to the opposing party (see S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., 69 NY2d 437, 446 [1987]; McElduff v McElduff, 101 AD3d 832, 833 [2012]; Falk v Gallo, 73 AD3d 685, 686 [2010]). The disqualification of an attorney is a matter that rests within the sound discretion of the Supreme Court (see Lauder v Goldhamer, 122 AD3d 908, 910 [2014]).
 

 Here, the Supreme Court providently exercised its discretion in granting that branch of the plaintiff’s motion which was to disqualify Potruch from representing the defendant. The plaintiff established that Potruch was the only person with knowledge of certain facts which are material to a pending hearing in this action, involving, inter alia, his conduct as an escrow agent and his alleged disregard of a sheriffs execution and restraining notices served upon him (see Spielberg v Twin Oaks Constr. Co., LLC, 134 AD3d 1015 [2015]; Gould v Decolator, 131 AD3d 448 [2015]; Fuller v Collins, 114 AD3d 827, 830 [2014]).
 

 Moreover, the Supreme Court properly denied that branch of the defendant’s motion which was for leave to renew his opposition to that branch of the plaintiff’s motion which was to disqualify his counsel, as the new fact offered by him would not change the prior determination (see CPLR 2221 [e] [2]).
 

 Dillon, J.P., Barros, Connolly and Iannacci, JJ., concur.