Matter of Norton v Town of Islip (2018 NY Slip Op 08307)





Matter of Norton v Town of Islip


2018 NY Slip Op 08307


Decided on December 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
SANDRA L. SGROI
HECTOR D. LASALLE, JJ.


2016-05130
 (Index No. 19018/03)

[*1]In the Matter of Howard Norton, appellant, 
v
Town of Islip, et al., respondents-respondents; Erin A. Sidaras, et al., nonparty-respondents.


Twomey, Latham, Shea, Kelley, Dubin & Quartararo LLP, Riverhead, NY (Bryan C. Van Cott of counsel), for appellant.
Lewis Johs Avallone Aviles, LLP, Islandia, NY (Robert A. Lifson of counsel), for respondents-respondents and nonparty-respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to compel the production of certain records pursuant to the Freedom of Information Law (Public Officers Law art 6), the petitioner appeals from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), entered March 29, 2016. The order, insofar as appealed from, granted that branch of the cross motion of the Town of Islip, Patricia Pascuitti, Pierce Fox Cohalan, and Erin A. Sidaras which was to disqualify the nonparty Bryan C. Van Cott from representing the petitioner at a civil contempt hearing to determine whether the Town of Islip, Patricia Pascuitti, Pierce Fox Cohalan, and Erin A. Sidaras failed to comply with a judgment of the same court (Michael F. Mullen, J.) entered January 31, 2006.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The petitioner was represented by Bryan C. Van Cott in various proceedings related to the petitioner's request for the production of certain records of the Town of Islip pursuant to the Freedom of Information Law (Public Officers Law art 6). In this proceeding, the petitioner moved, among other things, to hold the Town and Patricia Pascuitti, Pierce Fox Cohalan, and Erin A. Sidaras (hereinafter collectively the individual cross movants) in contempt of court for failing to comply with a judgment of the Supreme Court, Suffolk County (Michael F. Mullen, J.), entered January 31, 2006, and to impose sanctions upon them for frivolous conduct. The Town and the individual cross
movants cross-moved to impose sanctions upon the petitioner for frivolous conduct. Upon an appeal by the petitioner and cross appeal by the Town and the individual cross movants from an order of the Supreme Court, Suffolk County (Michael F. Mullen, J.), dated July 26, 2007, denying the motion and cross motion, this Court remitted the matter to the Supreme Court, Suffolk County, for a hearing to determine whether the Town and the individual cross movants failed to comply with the judgment entered January 31, 2006, by virtue of "nonproduction of certain documents" (Matter of Norton v Town of Islip, 70 AD3d 833). The petitioner then moved, inter alia, to recuse Justice Ralph T. Gazzillo from this proceeding, and the Town and the individual cross movants cross-moved, inter alia, to disqualify Van Cott from representing the petitioner at the contempt hearing based upon the advocate-witness rule after Van Cott was identified by the petitioner as a witness he intended to call at the hearing. In the order appealed from, the Supreme Court, among other things, granted that branch of the cross motion which was to disqualify Van Cott. The petitioner appeals from so much of the order as granted that branch of the cross motion.
"The disqualification of an attorney is a matter that rests within the sound discretion of the Supreme Court" (Lauder v Goldhamer, 122 AD3d 908, 910; see Levy v 42 Dune Rd., LLC, 162 AD3d 651, 652-653; Baram v Baram, 154 AD3d 912, 913; Goldberg & Connolly v Upgrade Contr. Co., Inc., 135 AD3d 703, 704). " The advocate-witness rules contained in the Rules of Professional Conduct (22 NYCRR 1200.0) rule 3.7 provide guidance, but not binding authority, for courts in determining whether to disqualify an attorney'" (Spielberg v Twin Oaks Constr. Co., LLC, 134 AD3d 1015, 1015 quoting Gould v Decolator, 131 AD3d 448, 449; see S & S Hotel Ventures Ltd. Partnership v 777 S.H. Corp., 69 NY2d 437, 443; Bajohr v Berg, 143 AD3d 849, 850). "[P]ursuant to rule 3.7 of the Rules of Professional Conduct (22 NYCRR 1200.0), unless certain exceptions apply, [a] lawyer shall not act as [an] advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact'" (Friia v Palumbo, 89 AD3d 896, 896, quoting Rules of Professional Conduct [22 NYCRR 1200.0] rule 3.7[a]; see Spielberg v Twin Oaks Constr. Co., LLC, 134 AD3d at 1015).
Here, the Supreme Court providently exercised its discretion in granting that branch of the cross motion which was to disqualify Van Cott from representing the petitioner at the contempt hearing pursuant to the advocate-witness rule (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 3.7). The Town and the individual cross movants demonstrated that Van Cott's testimony at the contempt hearing will be necessary to resolve significant issues of fact to determine whether they should be held in civil contempt (see NY Kids Club 125 5th Ave., LLC v Three Kings, LLC, 133 AD3d 580, 581; Lauder v Goldhamer, 122 AD3d at 910-911; Fuller v Collins, 114 AD3d 827, 830). Moreover, disqualification will not work a hardship upon the petitioner.
AUSTIN, J.P., ROMAN, SGROI and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court