Alnoukari v Nokari (2023 NY Slip Op 03760)

Alnoukari v Nokari

2023 NY Slip Op 03760

Decided on July 12, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 12, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
PAUL WOOTEN
JANICE A. TAYLOR, JJ.

2020-03472
 (Index No. 511872/14)

[*1]Mais Alnoukari, et al., respondents, 
v
Daed Nokari, etc., et al., appellants.

Bachar Mahmoud (The Zweig Law Firm P.C., Brooklyn, NY [Jonah S. Zweig], of counsel), for appellants.
Law Office of Bryan J. Swerling, P.C., New York, NY, for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for assault and battery, the defendants appeal from an order of the Supreme Court, Kings County (Devin P. Cohen, J.), dated February 5, 2020. The order, insofar as appealed from, granted that branch of the plaintiffs' motion which was to disqualify Bachar Mahmoud as counsel for the defendants.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In December 2014, the plaintiffs commenced this action against the defendants alleging, inter alia, that the defendant Ammar Mahmoud physically abused the plaintiff Mais Alnoukari during their marriage. The plaintiffs alleged, inter alia, that, on a particular occasion, Bachar Mahmoud, who is Ammar Mahmoud's brother, heard Ammar Mahmoud assaulting Alnoukari and intervened. After Bachar Mahmoud entered his appearance as counsel for the defendants, the plaintiffs moved, inter alia, to disqualify him from representing the defendants. In an order dated February 5, 2020, the Supreme Court, inter alia, granted that branch of the plaintiffs' motion. The defendants appeal.
"The disqualification of an attorney is a matter that rests within the sound discretion of the court" (Matter of Blauman-Spindler v Blauman, 184 AD3d 636, 637 [internal quotation marks omitted]; see Delaney v Roman, 175 AD3d 648, 649). "Rule 3.7(a) of the Rules of Professional Conduct (22 NYCRR 1200.0) provides that, in general, '[a] lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact'" (Greenberg v Grace Plaza Nursing & Rehabilitation Ctr., 174 AD3d 510, 511). Here, the plaintiffs alleged that Bachar Mahmoud is a fact witness to the incidents set forth by the plaintiffs. At her deposition, Alnoukari testified that Bachar Mahmoud was the only nonparty witness to the abuse committed by Ammar Mahmoud. As such, Bachar Mahmoud is "likely to be a witness on a significant issue of fact" (see Goldberg & Connolly v Upgrade Contr. Co., Inc., 135 AD3d 703, 704; Fuller v Collins, 114 AD3d 827, 830). Moreover, under the circumstances, Bachar Mahmoud's disqualification is appropriate to avoid the "appearance of impropriety" (see Courtney v Edelschick, 157 AD2d 818, 821; see also S & S Hotel Ventures Ltd. Partnership v 777 S.H. Corp., 69 NY2d 437, 444).
The defendants' remaining contentions are either improperly raised for the first time on appeal or without merit.
DUFFY, J.P., CONNOLLY, WOOTEN and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court