Fillas Rest. Group LLC v Vendome (2024 NY Slip Op 51685(U))

[*1]

Fillas Rest. Group LLC v Vendome

2024 NY Slip Op 51685(U)

Decided on December 12, 2024

Supreme Court, Queens County

Livote, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 12, 2024
Supreme Court, Queens County

Fillas Restaurant Group LLC derivatively on behalf of 
 PORT WASHINGTON HOSPITALITY LLC, Plaintiff,

against
Michael Vendome, VENDOME HOSPITALITY LLC, PORT WASHINGTON HOSPITALITY LLC, FRANCO VENDOME, and GENNARO VENDOME, a/k/a JERRY VENDOME, Defendants.

VENDOME HOSPITALITY, LLC, Third-Party Plaintiff,
against
ELIAS FILLAS and CHRISTOPHER FILLAS, Third-Party Defendants.
Index No. 708038/2023 

Plaintiff's and Third-Party Defendant's Attorney
SACCO & FILLAS, LLP
By: Zachary Scott Kaplan 
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102 
(718) 746-3440
E-mail:zkaplan@saccofillas.com
Defendants' and Third-Party Plaintiff's Attorney
KOUTSOUDAKIS & IAKOVOU LAW GROUP, PLLC 
By: John Flouskakos, Esq. 
40 Wall Street, 49th Floor 
New York, New York 10005 (212) 404-8644 
Email: jflouskakos@kilegal.com

Leonard Livote, J.

The following papers numbered below read on this motion by defendants Michael Vendome, Vendome Hospitality Group, LLC s/h/a Vendome Hospitality LLC, Port Washington Hospitality LLC, Franco Vendome, and Gennaro Vendome, a/k/a Jerry Vendome and by third-party plaintiff Vendome Hospitality, LLC, for an Order, pursuant to pursuant to Article 63 of the CPLR and Rules 1.7, 1.8, 1.18, 1.9, 1.10, 3.4 and 3.7 of New York Rules of Professional Conduct (22 NYCRR §1200.00): (1) Relieving and disqualifying the law firm Sacco & Fillas, LLP, and anyone acting on its behalf, as attorneys and counsel of record for plaintiff Fillas Restaurant Group, LLC, and third-party defendants Elias Fillas and Christopher Fillas; (2) Enjoining and prohibiting plaintiff's and third-party defendant's counsel from representing or providing any legal advice to plaintiff or third-party defendants in this action, or their agents, representatives or any person or entity acting on plaintiff's and third-party defendant's behalf; and (3) granting plaintiff and third-party defendants sixty (60) days from the date of this Order to retain substitute counsel of record.
PAPERS NUMBERED
Order to Show Cause, Affirmation,
Affidavits and Exhibits EF347 — 355, 357 — 358, 362 - 363
Notice of Cross-motion, Affirmation, Affidavits and Exhibits
Answering Affirmations, Affidavits And Exhibits EF364 - 366
Reply Affirmations, Affidavits And Exhibits
Other [FN1]

Upon the foregoing papers it is ordered that this motion is determined as follows: 
By Order to Show Cause dated July 1, 2024 [FN2]
, defendants Michael Vendome, Vendome Hospitality Group, LLC s/h/a Vendome Hospitality, LLC, Port Washington Hospitality LLC, Franco Vendome and Gennaro Vendome, a/k/a Jerry Vendome and third-party plaintiff Vendome Hospitality LLC ("defendants") were granted the following injunctive relief: (a) An Order staying of the action, pending either further order of the Court or a decision by the Court on defendants' motion to disqualify plaintiff Fillas Restaurant Group LLC derivatively on behalf of Port Washington Hospitality LLC,'s and third-party defendants Elias Fillas and Christopher Fillas' Counsel ("plaintiffs"); and (b) an Order enjoining and restraining any specific attorneys or [*2]employees of plaintiff and third-party defendants' counsel from giving any further legal advice to plaintiff or their agents or representatives, from the date of this Order or until further Order of the Court.
Plaintiff Fillas Restaurant Group ("FRG") is owned in equal shares by Elias Fillas and Christopher Fillas. Elias Fillas is its managing member. Plaintiff Port Washington Hospitality LLC is the owner of a long-term lease to a waterfront restaurant and catering facility located at 15 Orchard Beach Boulevard, Manorhaven, New York 11050, doing business as Nino's Beach Restaurant. On October 21, 2020, plaintiff Port Washington Hospitality LLC's members, Vendome Hospitality LLC ("VHG") and FRG entered into an Operating Agreement to govern the relationship between them and the running of Nino's Beach.
FRG is a 40% owner of Port Washington Hospitality, LLC. Defendant VHG is a 60% owner of Port Washington LLC. Defendants Michael Vendome and Franco Vendome are the owners of VHG and Gennaro Vendome a/k/a/ Jerry Vendome is VHG's director. Pursuant to the Operating Agreement, Michael and Franco Vendome agreed to be the two co-managers of Port Washington Hospitality LLC and agreed to manage and control the day to day running of the business. The Operating Agreement sets forth the procedure for the removal of a manager for good cause and the procedure includes a 40% vote to remove a manager and cause the manager's beneficial shares to be repurchased by the company.
According to the Amended Verified Complaint, this is an action for a Declaratory Judgment and other related relief seeking an order and judgment, inter alia, reforming the preamble of the Operating Agreement (1) declaring the reformed Operating Agreement is binding on all defendants, and (2) declaring the value of defendants' effective interest in Port Washington Hospitality LLC and directing Port Washington Hospitality, LLC to accept same. Plaintiff is also seeking monetary damages as a result of defendants' alleged breach of their fiduciary duties.
In their Answer, defendants claim that FRG breached its fiduciary duties to VHG by interfering with the management, control, and conduct of the restaurant and seeking to remove VHG's members as the managers of the restaurant. Defendants deny the allegations in the Amended Complaint, assert eighteen (18) affirmative defenses and counterclaim for a Declaratory Judgment declaring that (1) the Operating Agreement prepared by Elias Fillas, Esq. is so full of errors and inconsistencies that it should be declared void and unenforceable; or, in the alternative, (2) As Section 4.02(c) of the Operating Agreement prepared by Elias Fillas, Esq. is so riddled with errors and internal inconsistencies that the Court should determine the validity of Section 4.02(c) of the Operating Agreement so that defendants can obtain a declaration regarding their rights, status, or other legal relations thereunder. Defendants seek a preliminary and permanent injunction preventing plaintiff from removing Michael Vendome and Franco Vendome as managers and counterclaim for breach of contract, breach of fiduciary duties and other related relief.
Defendant/Counterclaim plaintiff VHG sues third party defendants Elias Fillas and Christopher Fillas, as members of FRG contending that they aided and abetted FRG's breach of its fiduciary duties to VHG. VHG claims that even before the opening of the restaurant in April 2022, third-party defendants Elias Fillas and Christopher Fillas attempted to gain majority control over the restaurant through bullying, abusive language and behavior, attempts at intimidation, threats of lawsuits, and made-up complaints about VHG's management skills.
According to defendants, they have decades of experience operating restaurants in New [*3]York City and under their management, Nino's Beach Restaurant's first year was a success, they were profitable, and they paid back FRG for all of its initial investment. In 2022, plaintiff FRG as a 40% owner of Port Washington LLC, attempted to exercise its right to remove defendants Michael and Franco Vendome as managers of Port Washington LLC and to buy out the beneficial interests of these individuals.
Defendants now move for an Order disqualifying Sacco & Fillas LLP, the law firm representing plaintiff and third-party defendants, on the basis that (1) it has a non-waivable conflict of interest as Elias Fillas, Esq. is the Supervising Partner of the firm and one of its founders and, according to their website, works closely with and oversees the work of the associate attorneys employed by the firm, including Zachary Kaplan, the associate appearing in this case; (2) Elias Fillas drafted the Operating Agreement the interpretation of which is at the center of this litigation; (3) Elias Fillas is a necessary witness and will testify on key issues and that testimony is substantially likely to be prejudicial to plaintiff FRG, based on his three affidavits submitted on other motions in which he admitted trying to find new operators for the restaurant before it opened and that he and Chris Fillas personally intervened in its operation; (4) Elias Fillas personally participated in the decision to remove defendant Michael Vendome as a manager of Nino's Beach Restaurant. 
Plaintiff opposes the motion for disqualification, arguing it is a baseless attempt to gain an advantage. It is plaintiff's position that although Sacco & Fillas, LLP drafted the Operating Agreement, because each party was represented by counsel, Elias Fillas is not a necessary witness as the attorney-draftsman. Plaintiffs claim that VHG was to operate the day-to-day business of Port Washington Hospitality LLP on condition the restaurant was to be opened on or before April 1, 2021, but that it was not opened by that date. They claim that once opened, defendants mismanaged it and this lawsuit ensued. 
Due to the significant competing interests inherent in attorney disqualification cases, the Court of Appeals has advised against "mechanical application of blanket rules," in favor of a "careful appraisal of the interests involved" (Tekni-Plex, Inc. v Meyner & Landis, 89 NY2d 123, 131 [1996]). "Disqualification during litigation implicates not only the ethics of the profession but also the substantive rights of the litigants [and] denies a party's right to representation by the attorney of its choice" (S & S Hotel Ventures Ltd Partnership v 777 SH Corp, 69 NY2d 437 [1987]). "A party's entitlement to be represented in ongoing litigation by counsel of its own choosing is a valued right which should not be abridged absent a clear showing that disqualification is warranted" (Matter of Blackman, 165 AD3d 654, 655 [2d Dept 2018] quoting Horn v Municipal Info. Servs., 282 AD2d 712 [2d Dept 2001]). The party seeking to disqualify a law firm or an attorney bears the burden on the motion (Solow v Grace & Co, 83 NY2d 303, 308 [1994]). Doubts as to the existence of a conflict of interest are generally resolved in favor of disqualifying an attorney to avoid the appearance of impropriety (Janczewski v Janczewski, 169 AD3d 773, 774 [2d Dept 2019]; Gioni v Swan Club, Inc., 134 AD3d 896, 897 [2d Dept 2015]). The disqualification of an attorney is a matter which rests within the sound discretion of the court (Cardinale v Golinello, 43 NY2d 288, 292 [1977]; Nationwide Assocs. v Targee St. Internal Med. Group, P.C., 303 AD2d 728 [2d Dept 2003]).
"The Code of Professional Responsibility establishes ethical standards that guide attorneys in their professional conduct, and its importance is not to be diminished or denigrated by indifference" (see, S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., 69 NY2d 437, 443 [1987]). Pursuant to the Rules of Professional Conduct (22 NYCRR 1200.0) rule 3.7, unless [*4]certain exceptions apply, "[a] lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact" (see also, Spielberg v Twin Oaks Constr. Co., LLC, 134 AD3d 1015, 1016 [2d Dept 2015]). "The advocate-witness rules contained in Rules of Professional Conduct (22 NYCRR 1200.0) rule 3.7 provide guidance, but not binding authority, for courts in determining whether to disqualify an attorney" (Gould v Decolator, 131 AD3d 448, 449 [2d Dept 2015]).
Disqualification based on the advocate-witness rule on the ground that an attorney may be called as a witness, requires a showing that the testimony of the opposing party's counsel is necessary to the moving party's case, and that such testimony would be prejudicial to the opposing party (S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., 69 NY2d at 446; Kingston Check Cashing Corp. v Nussbaum Yates Berg Klein & Wolpow, LLP, 218 AD3d 760, 761 [2d Dept 2023]). A finding of necessity takes into account such factors as the significance of the matters, weight of the testimony, and availability of other evidence" (id.). 
Here, Elias Fillas (1) is the co-founder and supervising partner in the law firm, Sacco & Fillas LLP, the law firm that represents plaintiff and third-party defendants Elias Fillas and Chris Fillas, (2) as supervising partner, according to the Sacco & Fillas LLP website, actively oversees the work of the associates in the firm and their cases, which would include this case, (3) is a member and 50% owner of plaintiff FRG, which, in turn, is a member and 40% owner of defendant Port Washington Hospitality, LLP, (4) is a signatory of the Operating Agreement at issue, (5) is allegedly the drafter or participated in the drafting of the Operating Agreement at issue, (6) is alleged to have breached the Operating Agreement, (7) admittedly played a role in attempting to terminate Michael Vendome as manager pursuant to disputed terms in the Operating Agreement, and (7) likely to be a necessary witness at trial on the key issues.
In opposition, plaintiff argues disqualification is not warranted but fails to rebut movants' factual allegations. There is no affidavit of facts from Elias Fillas or a Sacco & Fillas LLP attorney addressing the Elias Fillas' role in the firm's representation of plaintiff and third-party defendants. Based on plaintiff's own allegations, there is no support for the claim that Elias Fillas' testimony would not prejudice plaintiff. Further, plaintiff provides no factually sound basis for their claim that defendants cannot question Elias Fillas as to the drafting of the agreement. 
Movants have met their burden of showing that the testimony of Elias Fillas, as an attorney and partner of Sacco & Fillas, LLP is necessary to their case, and that such testimony would be prejudicial to plaintiff FRG. In view of the foregoing, because of the multiple active roles Elias Fillas has played in the actions or omissions which form the grounds for plaintiff's causes of action and because of his knowledge of virtually all the significant matters in this case, he is "likely to be a witness on a significant issue of fact" (Rules of Professional Conduct [22 NYCRR 1200.0] rule 3.7 [a]) and thus disqualification is warranted.
Accordingly, it is
ORDERED, that the motion to disqualify Sacco & Fillas, LLP, and anyone acting on its behalf, as attorneys and counsel of record for plaintiff Fillas Restaurant Group, LLC, and third-party defendants Elias Fillas and Christopher Fillas is granted; and it is
ORDERED, that defendants/third-party plaintiff shall serve a copy of this order with notice of entry upon plaintiff, third-party defendants and Sacco & Fillas, LLP by overnight mail and NYSCEF; and it is
ORDERED, that upon filing proof of service of a copy of this Order with notice of entry, [*5]this action is stayed, and no further proceedings may be taken without leave of this Court for a period of sixty (60) days after said filing; and it is
ORDERED, that all parties are to appear for a conference in Part 33 Courtroom on February 13, 2025, at 10:00 a.m. Plaintiff's failure to appear within by new counsel shall result in the dismissal of this action. 
This constitutes the Order of the Court. 
Dated: December 12, 2024
___________________
Leonard Livote, J.S.C.

Footnotes

Footnote 1:Movants' Memorandum of Law in Reply was not considered (Uniform Rules for Trial Courts [22 NYCRR] §202.8[d]).

Footnote 2:By Decision and Order dated July 30, 2023, the Court (Hom, J.) denied without prejudice defendants' first motion, brought by Order to Show Cause dated May 2, 2023, to disqualify Sacco & Fillas LLP from representing plaintiff and granted leave to move again for such relief upon the completion of Court ordered ADR. It is undisputed that the parties are no longer participating in the ADR program.