■ BLUE DIAMOND GROUP CORP., Respondent, v KLIN CONSTRUCTION GROUP, INC., Defendant, and CHUNYU JEAN WANG, Appellant. [900 NYS2d 670]—

In an action to recover damages for breach of contract and violation of Judiciary Law § 487, the defendant Chunyu Jean Wang appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County (Parga, J.), dated June 1, 2009, as denied that branch of the defendants' motion which was pursuant to CPLR 3211 to dismiss the second cause of action to recover damages for violation of Judiciary Law § 487 insofar as asserted against her, and granted the plaintiff's cross motion to disqualify her and nonparty Wang Law Office, PLLC, from representing the defendant Klin Construction Group, Inc., in this action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly denied that branch of the defendants' motion which was pursuant to CPLR 3211 to dismiss the second cause of action to recover damages for violation of Judiciary Law § 487 insofar as asserted against the defendant Chunyu Jean Wang (hereinafter the appellant). The allegations in the complaint, together with the additional evidentiary material considered on the motion (*see Rovello v Orofino Realty Co.*, 40 NY2d 633 [1976]), sufficed to set forth a cognizable cause of action (*see Izko Sportswear Co., Inc. v Flaum*, 25 AD3d 534 [2006]; *see generally Cayuga Partners v 150 Grand*, 305 AD2d

527 [2003]), and the defendants failed to submit documentary evidence conclusively establishing a defense to the cause of action as a matter of law (*see Leon v Martinez*, 84 NY2d 83, 88 [1994]; *Sullivan v State of New York*, 34 AD3d 443, 445 [2006]).

The Supreme Court providently exercised its discretion in granting the plaintiff's cross motion to disqualify the appellant and the law firm which employs her from representing the defendant Klin Construction Group, Inc., in this action pursuant to Rules of Professional Conduct (22 NYCRR 1200.0) rule 3.7 (a), (b) (1). The plaintiff demonstrated that the appellant's testimony is necessary to its case and may be prejudicial to the client (*see generally S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.*, 69 NY2d 437, 446 [1987]; *Skiff-Murray v Murray*, 3 AD3d 610, 611 [2004]; *Matter of Stober v Gaba & Stober*, 259 AD2d 554, 554-555 [1999]).

The appellant's remaining contentions are either without merit or not properly before us on this appeal. Mastro, J.P., Miller, Leventhal and Belen, JJ., concur.