In two actions to recover damages for breach of contract, (1) the defendant in action No. 1, UFS Industries, Inc., doing business as Sally Sherman Foods, Inc., appeals from an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated January 6, 2016, which denied its motion to disqualify Rocco F. D’Agostino as the plaintiff’s counsel in action No. 1, and (2) the defendants in action No. 2, UFS Industries, Inc., individually and doing business as Sally Sherman Foods, Inc., and Baldwin Endico Realty Associates, Inc., appeal from an order of the same court, also dated January 6, 2016, which denied their motion to disqualify Rocco F. D’Agostino as the plaintiff’s counsel in action No. 2.
 

 Ordered that the orders are reversed, on the law, with one bill of costs, and the appellants’ separate motions are granted.
 

 Rocco F. D’Agostino, counsel for the plaintiffs in the instant actions, was disqualified as counsel in an action entitled USA Recycling, Inc. v Baldwin Endico Realty Associates, Inc., pending in the Supreme Court, Bronx County, under index No. 305816-2013, upon the motion of Baldwin Endico Realty Associates, Inc. (hereinafter Baldwin Endico). The disqualification was based on D’Agostino’s employment of James Monteleon as a paralegal. Monteleon had previously been employed by counsel for the estate of Michael Endico, the late principal of both Baldwin Endico and UFS Industries, Inc. , doing business as Sally Sherman Foods, Inc. (hereinafter UFS). The Supreme Court, Bronx County, found that the taint of impropriety surrounding the employment of Monteleon by the plaintiff’s counsel had been overwhelmingly established, and the disqualification of D’Agostino was warranted. The court concluded that Monteleon’s prior employment and his extensive and unusual involvement in the defendant’s affairs necessitated disqualification of counsel. The plaintiff USA Recycling, Inc., appealed to the Appellate Division, First Judicial Department, from the order of the Supreme Court, Bronx County, granting disqualification, and that Court affirmed the order (see USA Recycling, Inc. v Baldwin Endico Realty Assoc., Inc., 147 AD3d 697 [2017]).
 

 The defendants in the two instant Westchester County actions respectively moved to disqualify D’Agostino as the plaintiffs’ counsel in each action. Counsel for the defendants argued that the factors enumerated in the prior order in the Bronx action, granting disqualification, were sufficient to disqualify D’Agostino in the instant actions, since Monteleon had been employed as a paralegal in his office and subsequently as an associate attorney upon his admission to the Bar. The Supreme Court, Westchester County, denied the motions. The defendants appeal.
 

 The Supreme Court should have granted the defendants’ motions to disqualify D’Agostino as the plaintiffs’ counsel in the instant actions. A party seeking to disqualify an attorney or a law firm for an opposing party on the ground of conflict of interest has the burden of demonstrating (1) the existence of a prior attorney-client relationship between the moving party and opposing counsel, (2) that the matters involved in both representations are substantially related, and (3) that the interests of the present client and former client are materially adverse (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.10; Tekni-Plex, Inc. v Meyner & Landis, 89 NY2d 123, 131 [1996]; Mediaceja v Davidov, 119 AD3d 911 [2014]; Medical Capital Corp. v MRI Global Imaging, Inc., 27 AD3d 427 [2006]). When the moving party is able to demonstrate each of these factors, an irrebuttable presumption of disqualification follows (see McCutchen v 3 Princesses & AP Trust Dated Feb. 3, 2004, 138 AD3d 1223, 1226 [2016]; Pellegrino v Oppenheimer & Co., Inc., 49 AD3d 94, 98 [2008]). The defendants established that there is an irrebuttable presumption that Monteleon, who was a paralegal and subsequently D’Agostino’s associate, is subject to disqualification from representing the plaintiffs in these actions due to his prior employment.
 

 Where one attorney is disqualified as a result of having acquired confidential client information in his former employment (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.9), there is a rebuttable presumption that the entirety of the attorney’s current firm must be disqualified (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.10). No presumption of disqualification will arise if either the moving party fails to make any showing of a risk that the attorney changing firms acquired any client confidences in the prior employment, or the nonmoving party disproves that the attorney had any opportunity to acquire confidential information in the former employment (see Kassis v Teacher’s Ins. & Annuity Assn., 93 NY2d 611, 617 [1999]; Sharifi-Nistanak v Coccia, 119 AD3d 765 [2014]). There is a rebuttable presumption here that D’Agostino, who employed Monteleon as a paralegal and subsequently an associate in his solo practice, is disqualified from representing the plaintiffs. That presumption has not been rebutted by the plaintiffs, as they failed to disprove that Monteleon had the opportunity to acquire confidential information in his former employment. Nor did the plaintiffs prove that any information acquired by the disqualified lawyer is unlikely to be significant or material in the litigation, such that a “Chinese wall” around the disqualified lawyer would be sufficient to avoid firm disqualification (see Kassis v Teacher’s Ins. & Annuity Assn., 93 NY2d at 617). In any event, no attempts were made to erect a “Chinese wall” by isolating Monteleon from participation in the instant actions. It is not necessary for a party seeking disqualification to show that confidential information necessarily will be disclosed in the course of the litigation; rather, a reasonable probability of disclosure will suffice (see Jamaica Pub. Serv. Co. v AIU Ins. Co., 92 NY2d 631, 637 [1998]; Greene v Greene, 47 NY2d 447, 453 [1979]). Here, there is a reasonable probability of disclosure of confidential information obtained during Monteleon’s prior employment, given the extent of his involvement in the defendants’ affairs, the fact that he and D’Agostino were the only two attorneys in D’Agostino’s practice, and the fact that Monteleon has appeared in the instant actions along with D’Agostino.
 

 Even assuming that the irrebuttable presumption in favor of disqualification did not attach to Monteleon, disqualification of D’Agostino nonetheless is warranted. Whether disqualification is warranted where the irrebuttable presumption does not attach depends upon the particular circumstances of a given case (see McCutchen v 3 Princesses & AP Trust Dated Feb. 3, 2004, 138 AD3d at 1226). Any doubts as to the existence of a conflict of interest must be resolved in favor of disqualification (see Gjoni v Swan Club, Inc., 134 AD3d 896, 897 [2015]; Halberstam v Halberstam, 122 AD3d 679 [2014]; Sperr v Gordon L. Seaman, Inc., 284 AD2d 449, 450 [2001]). Even when an actual conflict of interest may not exist, disqualification may be warranted based on a mere appearance of impropriety (see Halberstam v Halberstam, 122 AD3d 679 [2014]). An attorney must avoid not only the fact, but even the appearance, of representing conflicting interests. An attorney may not place himself or herself in a position where a conflicting interest may, even inadvertently, affect, or give the appearance of affecting, the obligations of the professional relationship (see Tekni-Plex, Inc. v Meyner & Landis, 89 NY2d at 130; Cardinale v Golinello, 43 NY2d 288, 296 [1977]; McCutchen v 3 Princesses & AP Trust Dated Feb. 3, 2004, 138 AD3d at 1226; Matter of Strasser, 129 AD3d 457, 458 [2015]). Here, due to his past employment, Monteleon’s employment by the plaintiffs’ attorney and involvement in litigation against UFS and Baldwin Endico gives the appearance of representing conflicting interests.
 

 Furthermore, even assuming that no significant client confidences were acquired by Monteleon, this does not remove the imputation of disqualification from D’Agostino. Because even the appearance of impropriety must be eliminated, it follows that even where it is demonstrated that the disqualified attorney possesses no material confidential information, a firm must nonetheless erect adequate screening measures to separate the disqualified lawyer and eliminate any involvement by that lawyer in the representation (see Kassis v Teacher’s Ins. & Annuity Assn., 93 NY2d at 618). No such screening measures were put in place here. Disqualification of D’Agostino as the plaintiffs’ counsel in the instant actions is warranted in order to avoid the appearance of impropriety.
 

 Dillon, J.P., Barros, Connolly and Iannacci, JJ., concur.