Matter of Kopet (2018 NY Slip Op 05678)





Matter of Kopet


2018 NY Slip Op 05678


Decided on August 8, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX, JJ.


2016-01866

[*1]In the Matter of Howard Kopet, deceased. Ellen Werther, respondent; David Gerstein, appellant. (File No. 14-378779/F, G, I)


Meltzer, Lippe, Goldstein & Breitstone, LLP, Mineola, NY (Jason K. Blasberg of counsel), for appellant.
Ruskin Moscou Faltischek, P.C., Uniondale, NY (John G. Farinacci of counsel), for respondent.



DECISION & ORDER
In a probate proceeding, David Gerstein appeals from an order of the Surrogate's Court, Nassau County (Edward W. McCarty III, S.), dated December 28, 2015. The order, insofar as appealed from, granted the motions of Ellen Werther to disqualify Nancy Stone, Robert Churchill, and the law firm of Eaton & Van Winkle, LLP, from representing David Gerstein.
ORDERED that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs payable by the estate, and the motions of Ellen Werther to disqualify Nancy Stone, Robert Churchill, and the law firm of Eaton & Van Winkle, LLP, from representing David Gerstein are denied.
Howard Kopet (hereinafter the decedent) died domiciled in Nassau County on February 18, 2014, at the age of 90. He was survived by his wife of 40 years, Sandra Kopet (hereinafter Sandra), and two children from a previous marriage, Dana Kopet and Stacy Kopet-Heimlich (hereinafter together the decedent's children). Sandra suffers from Alzheimer's and is currently incapacitated. Sandra's daughter from a previous marriage, Ellen Werther (hereinafter the petitioner), holds a power of attorney for Sandra. The decedent's will nominated the appellant, David Gerstein, inter alia, as an executor of the decedent's estate and trustee of testamentary and marital trusts. The appellant is a member of the law firm of Eaton & Van Winkle, LLP.
By petitions dated November 6, 2014, and December 18, 2014, the petitioner commenced two proceedings in her capacity as Sandra's attorney-in-fact, inter alia, to remove the appellant as executor and trustee of the decedent's estate (hereinafter together the removal proceedings), respectively. The petitions alleged, in sum, that the appellant and the law firm had previously represented Sandra in connection with her own estate planning and in joint estate planning with the decedent, among other matters, and that the appellant had acted contrary to Sandra's interests in his administration of the decedent's estate. The appellant appeared in the removal proceedings, represented by Eaton & Van Winkle, LLP. While the removal proceedings were pending, the decedent's children filed a petition to bar Sandra from electing against the decedent's estate pursuant to the provisions of a prenuptial agreement between Sandra and the decedent that had been drafted by the appellant (hereinafter the election proceeding).
The petitioner thereafter separately moved in the removal proceedings and in the election proceeding to disqualify the Eaton & Van Winkle, LLP, and its members Nancy Stone and Robert Churchill (hereinafter collectively the law firm) from representing the appellant in each of the three proceedings on the basis of the law firm's prior representation of Sandra. By order dated December 28, 2015, the Surrogate's Court determined that an appearance of impropriety existed and granted the motions. We reverse insofar as appealed from.
" A party seeking disqualification of it[s] adversary's counsel based on counsel's purported prior representation of that party must establish (1) the existence of a prior attorney-client relationship between the moving party and opposing counsel, (2) that the matters involved in both representations are substantially related, and (3) that the interests of the present client and former client are materially adverse'" (Deerin v Ocean Rich Foods, LLC, 158 AD3d 603, 607, quoting Gjoni v Swan Club, Inc., 134 AD3d 896, 897; see former Rules of Professional Conduct [22 NYCRR 1200.00] rule 1.10; Moray v UFS Indus., Inc., 156 AD3d 781). "When the moving party is able to demonstrate each of these factors, an irrebuttable presumption of disqualification follows" (Moray v UFS Industries, Inc., 156 AD3d at 782). " A party's entitlement to be represented in ongoing litigation by counsel of his or her own choosing is a valued right which should not be abridged absent a clear showing that disqualification is warranted'" (Deerin v Ocean Rich Foods, LLC, 603 AD3d at 607, quoting Kelleher v Adams, 148 AD3d 692, 692; see Matter of 148 S. Emerson Parnters, LLC v 128 S. Emerson Assoc., LLC, 157 AD3d 889; Hele Asset, LLC v S.E.E. Realty Assoc., 106 AD3d 692, 693).
Here, although the law firm had a prior attorney-client relationship with Sandra in connection with her own estate planning, which may have been intertwined somewhat with that of the decedent, the record does not reveal that the law firm's prior representation of Sandra is substantially related or materially adverse to the removal proceedings. In the removal proceedings, Sandra's estate is not being administered or litigated, and there is nothing to suggest that any confidences with Sandra might be breached by the law firm's representation of the appellant in his capacity as executor and trustee of the decedent's estate (see Matter of Homola, 234 AD2d 295). Accordingly, the Surrogate's Court improvidently exercised its discretion in disqualifying the law firm in the removal proceedings.
In addition, the Surrogate's Court should have denied as academic the petitioner's motion to disqualify the law firm from acting as counsel to the appellant in the election proceeding. Although the appellant's prior law firm drafted the prenuptial agreement relied upon by the decedent's children, neither the appellant nor his present law firm are acting as counsel to any party in that proceeding (see e.g. Cadet-Duval v Gursim Holding, Inc., 147 AD3d 718, 719).
The appellant's remaining contentions either are not properly before this Court, are without merit, or need not be reached in light of our determination.
SCHEINKMAN, P.J., BALKIN, AUSTIN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court