Dudhia v Agarwal (2020 NY Slip Op 03076)





Dudhia v Agarwal


2020 NY Slip Op 03076


Decided on May 28, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 28, 2020

Friedman, J.P., Gische, Webber, Gesmer, Oing, JJ.


11571N 305847/17

[*1]Ashiya Dudhia, Plaintiff-Appellant,
v
Niraj Agarwal, Defendant-Respondent.


Warshaw Burstein, LLP, New York (Neena Tankha of counsel), for appellant.
Cohen Clair Lans Greifer Thorpe & Rottenstreich LLP, New York (Robert Stephan Cohen of counsel), for respondent.



Order, Supreme Court, New York County (Matthew F. Cooper, J.), entered November 14, 2019, which, inter alia, denied plaintiff wife's motion to disqualify defendant husband's counsel, unanimously affirmed, without costs.
In November 2014, plaintiff consulted with Neena Tankha, Esq., an associate at Cohen Clair Lans Greifer Thorpe & Rottenstreich LLP (Cohen Clair). Plaintiff also claims that an unidentified partner was present at that meeting. Ms. Tankha could only corroborate that at the time it was Cohen Clair's practice to have a partner present at such meetings, but had no specific recollection of the meeting. Plaintiff retained Cohen Clair after that consultation, pursuant to a retainer letter signed solely by Ms. Tankha, but transferred her file to another firm in March 2015, when Ms. Tankha moved to that firm. There is no record of any attorney other than Ms. Tankha rendering services to plaintiff while she was represented by Cohen Clair. Ms. Tankha herself only billed plaintiff for a few hours of work. In December 2018, defendant retained Cohen Clair.
Supreme Court correctly determined that no conflict of interest existed that mandated disqualification of Cohen Clair pursuant to rule 1.9(a) of the Rules of Professional Conduct (22 NYCRR 1200.0; see Pellegrino v Oppenheimer & Co., Inc., 49 AD3d 94, 98 [1st Dept 2008]). However, the parties do not dispute that the facts show the existence of an imputed conflict of interest that gave rise to a rebuttable presumption of disqualification under rule 1.10(b) (see Moray v UFS Indus., Inc., 156 AD3d 781, 783 [2d Dept 2017]).
The court providently exercised its discretion in denying plaintiff's disqualification motion since defendant rebutted the presumption by establishing, through the affirmation of a partner at the firm who interviewed the firm's attorneys and the affidavit of Cohen Clair's electronic data specialist, that Cohen Clair did not have any confidential information relating to plaintiff's matter after Ms. Tankha left that firm. Although plaintiff produced an undated highly redacted copy of notes purportedly taken during her initial meeting, the motion court reviewed them in an un-redacted form and concluded that they contained no material, confidential information. Furthermore, any residual appearance of impropriety under the circumstances presented was adequately addressed by Cohen Clair's internal screening measures, under which only three attorneys are permitted to work on the matter and to access the case file, and non-attorney staff have been directed to communicate only with those three attorneys concerning the [*2]case (see Dietrich v Dietrich, 136 AD3d 461 [1st Dept 2016]; see also Kassis v Teacher's Ins. & Annuity Assn., 93 NY2d 611, 617-618 [1999]; Nimkoff v Nimkoff, 18 AD3d 344, 346 [1st Dept 2005]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 28, 2020
CLERK