Kaikov v Yadgarov (2023 NY Slip Op 02651)

Kaikov v Yadgarov

2023 NY Slip Op 02651

Decided on May 17, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.

2021-04780
 (Index No. 600362/16)

[*1]Arihay Kaikov, etc., appellant,
v
Laser Yadgarov, et al., respondents.

Anderson, Bowman & Zalewski, PLLC, Kew Gardens, NY (Matthew J. Routh of counsel), for appellant.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of fiduciary duty, the plaintiff appeals from an order of the Supreme Court, Suffolk County (John H. Rouse, J.), dated April 30, 2021. The order, insofar as appealed from, granted the motion of the defendants Eugene Khavison and Khavison & Associates, P.C., and the separate motion of the defendants Laser Yadgarov, Radion Aminov, NY Prime Holdings II, LLC, and Joseph Berov, to disqualify the plaintiff's counsel, Dustin Bowman, and the law firms with which he is associated, from representing the plaintiff in this action.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
In January 2016, the plaintiff commenced the instant action seeking, inter alia, damages for breach of fiduciary duty. The plaintiff alleged that he is the managing member of the defendant NY Prime Holdings II, LLC (hereinafter NY Prime), and that the defendants caused certain real property owned by NY Prime to be sold without authority. The plaintiff alleged that the defendants Laser Yadgarov and Radion Aminov, who each owned a minority interest in NY Prime, with the plaintiff owning the majority interest, caused the subject property to be sold to the defendant Joseph Berov without authority; that at the closing, Berov reconveyed the property to the defendant Domeluca II, LLC; and that the defendants Eugene Khavison and Khavison & Associates, P.C. (hereinafter together the Khavison defendants), represented NY Prime at the closings.
In January 2021, the Khavison defendants moved to disqualify the plaintiff's counsel, Dustin Bowman, and the law firms with which he was associated, Anderson Bowman & Zalewski, PLLC, and Shiryak, Bowman, Anderson, Gill & Kadochnikov, LLP (hereinafter together the Bowman firms), from representing the plaintiff in this action. The Khavison defendants alleged that Bowman had previously represented NY Prime, the adverse members of NY Prime, Yadgarov and Aminov, and the plaintiff in a prior related action commenced by Berov, the settlement of which resulted in the transfer and sale of the subject property. The Khavison defendants contended that Bowman's prior representation created a conflict of interest, and also that Bowman would be a necessary witness in the instant trial in violation of the advocate-witness rule. In February 2021, Yadgarov, Aminov, NY Prime, and Berov (hereinafter collectively the Yadgarov defendants) also moved to disqualify Bowman and the Bowman firms from representing the plaintiff in this action.
The Supreme Court granted the separate motions of the Khavison defendants and the [*2]Yadgarov defendants. The plaintiff appeals.
"The disqualification of an attorney is a matter that rests within the sound discretion of the court" (Delaney v Roman, 175 AD3d 648, 649 [internal quotation marks omitted]). Although a party's entitlement to be represented in ongoing litigation by counsel of his or her own choosing is a valued right, that right "will not supersede a clear showing that disqualification is warranted" (Matter of Marvin Q., 45 AD3d 852, 853; see Scopin v Goolsby, 88 AD3d 782, 784). "A party seeking disqualification of its adversary's counsel based on counsel's purported prior representation of that party must establish (1) the existence of a prior attorney-client relationship between the moving party and opposing counsel, (2) that the matters involved in both representations are substantially related, and (3) that the interests of the present client and former client are materially adverse" (Gjoni v Swan Club, Inc., 134 AD3d 896, 897 [internal quotation marks omitted]). Any "doubts as to the existence of a conflict of interest are resolved in favor of disqualification in order to avoid even the appearance of impropriety" (Janczewski v Janczewski, 169 AD3d 773, 774; see Moray v UFS Indus., Inc., 156 AD3d 781, 784).
"One who has served as attorney for a corporation may not represent an individual shareholder in a case in which his [or her] interests are adverse to other shareholders" (Deerin v Ocean Rich Foods, LLC, 158 AD3d 603, 608 [internal quotation marks omitted]). Here, Bowman represented NY Prime and its three members, the plaintiff, Yadgarov, and Aminov, in a prior action that was "substantially related" to the present action (id. at 608 [internal quotation marks omitted]; see Gordon v Ifeanyichukwu Chuba Orakwue Obiakor, 117 AD3d 681, 683). Bowman's prior representation of NY Prime "was in fact represent[ation of] its [three] shareholders, whose competing interests are at issue in this action" (Deerin v Ocean Rich Foods, LLC, 158 AD3d at 608 [internal quotation marks omitted]). Since Bowman was "in a position to receive relevant confidences" from Yadgarov and Aminov, whose interests are now adverse to the plaintiff's interests, disqualification of Bowman was proper (id. [internal quotation marks omitted]; see Gordon v Ifeanyichukwu Chuba Orakwue Obiakor, 117 AD3d at 683).
In addition, pursuant to rule 3.7(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), unless certain exceptions apply, "[a] lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact" (see Friia v Palumbo, 89 AD3d 896, 896). Here, Bowman is likely to be a witness with respect to a significant issue of fact in this litigation (see id. at 896-897; Falk v Gallo, 73 AD3d 685, 686). Thus, Bowman also must be disqualified from representing the plaintiff pursuant to the advocate-witness rule (see Rules of Prof Conduct rule 3.7[a]; Gould v Decolator, 131 AD3d 448, 449-450; Lauder v Goldhamer, 122 AD3d 908, 910-911).
Where one attorney is disqualified due to a conflict of interest, "there is a rebuttable presumption that the entirety of the attorney's current firm must be disqualified" (Moray v UFS Indus., Inc., 156 AD3d at 783; see Rules of Prof Conduct rule 1.10[a]; Kassis v Teacher's Ins. & Annuity Assn., 93 NY2d 611, 617). "That presumption may be rebutted by proof that any information acquired by the disqualified lawyer is unlikely to be significant or material in the [subject] litigation" and that "the law firm properly screened the disqualified lawyer from dissemination and receipt of information subject to the attorney-client privilege" (Matter of Town of Oyster Bay v 55 Motor Ave. Co., LLC, 109 AD3d 549, 551; see Kassis v Teacher's Ins. & Annuity Assn., 93 NY2d at 617-618). Here, the plaintiff failed to present any evidence to rebut such presumption (see Kassis v Teacher's Ins. & Annuity Assn., 93 NY2d at 618-619; Moray v UFS Indus., Inc., 156 AD3d at 783; Matter of Town of Oyster Bay v 55 Motor Ave. Co., LLC, 109 AD3d at 551). Therefore, the Supreme Court properly disqualified the Bowman firms.
"While courts disfavor motions to disqualify counsel that are made during or on the eve of trial," here, the parties have not yet completed discovery and are not imminently ready to proceed with trial (M.A.C. Duff, Inc. v ASMAC, LLC, 61 AD3d 828, 830).
Accordingly, the Supreme Court providently exercised its discretion in granting the separate motions to disqualify Bowman and the Bowman firms from representing the plaintiff in this [*3]action.
DILLON, J.P., DUFFY, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court