Kingston Check Cashing Corp. v Nussbaum Yates Berg Klein & Wolpow, LLP (2023 NY Slip Op 03913)

Kingston Check Cashing Corp. v Nussbaum Yates Berg Klein & Wolpow, LLP

2023 NY Slip Op 03913

Decided on July 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LARA J. GENOVESI
DEBORAH A. DOWLING
JANICE A. TAYLOR, JJ.

2019-10770
2020-04051
 (Index No. 502993/15)

[*1]Kingston Check Cashing Corp., plaintiff-respondent,
v
Nussbaum Yates Berg Klein & Wolpow, LLP, defendant/third-party plaintiff/second third-party plaintiff-appellant-respondent, et al., defendant; Republic Bank of Chicago, third-party defendant-respondent-appellant; Winne Banta Basralian & Kahn, P.C., et al., second third-party defendants-respondents.

Lewis Brisbois Bisgaard & Smith, LLP, New York, NY (Mark K. Anesh and Sarah A. Adam of counsel), for defendant/third-party plaintiff/second third-party plaintiff-appellant-respondent.
Winne Banta Basralian & Kahn, P.C., New York, NY (Michael J. Cohen of counsel), for plaintiff-respondent and third-party defendant-respondent-appellant.
Catalano Gallardo & Petropoulos, LLP, Jericho, NY (Matthew K. Flanagan and Timothy A. Jenks of counsel), for second third-party defendants-respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for accounting malpractice, (1) the defendant/third-party plaintiff/second third-party plaintiff, Nussbaum Yates Berg Klein & Wolpow, LLP, appeals from an order of the Supreme Court, Kings County (Lawrence Knipel, J.), dated August 8, 2019, and (2) the defendant/third-party plaintiff/second third-party plaintiff appeals, and the third-party defendant, Republic Bank of Chicago, cross-appeals, from an order of the same court dated March 2, 2020. The order dated August 8, 2019, insofar as appealed from, denied that branch of the motion of the defendant/third-party plaintiff/second third-party plaintiff which was to disqualify counsel for the plaintiff and the third-party defendant. The order dated March 2, 2020, insofar as appealed from, upon reargument, adhered to a prior determination in the order dated August 8, 2019, denying that branch of the motion of the defendant/third-party plaintiff/second third-party plaintiff which was, in effect, pursuant to CPLR 3124 to compel disclosure of certain communications between the plaintiff and its counsel on the ground that the attorney-client privilege had been waived, and denied that branch of the motion of the defendant/third-party plaintiff/second third-party plaintiff which was, in effect, pursuant to CPLR 3124 to compel the second third-party defendants, Winne Banta Basralian & Kahn, P.C., and Winne Banta Hetherington Basralian & Kahn, P.C., to appear for a deposition and to answer questions seeking nonprivileged information. The order dated March 2, 2020, insofar as cross-appealed from, denied the cross-motion of the third-party defendant for summary judgment dismissing the third-party complaint.
ORDERED that the order dated August 8, 2019, is affirmed insofar as appealed from; and it is further,
ORDERED that the order dated March 2, 2020, is modified, on the law and in the exercise of discretion, (1) by deleting the provision thereof denying that branch of the motion of the defendant/third-party plaintiff/second third-party plaintiff which was, in effect, pursuant to CPLR 3124 to compel the second third-party defendants to appear for a deposition and to answer questions seeking nonprivileged information, and substituting a provision therefor granting that branch of the motion, and (2) by deleting the provision thereof denying the cross-motion of the third-party defendant for summary judgment dismissing the third-party complaint, and substituting therefor a provision granting the cross-motion; as so modified, the order dated March 2, 2020, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the third-party defendant, payable by the defendant/third-party plaintiff/second third-party plaintiff.
In order to disqualify counsel on the ground that he or she may be called as a witness, a party moving for disqualification must demonstrate that the testimony of the opposing party's counsel is necessary to the moving party's case, and that such testimony would be prejudicial to the opposing party (see S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., 69 NY2d 437, 446; Blue Diamond Group Corp. v Klin Constr. Group, Inc., 73 AD3d 958, 959). "Merely because an attorney 'has relevant knowledge or was involved in the transaction at issue' does not make that attorney's testimony necessary" (Talvy v American Red Cross in Greater N.Y., 205 AD2d 143, 152, affd 87 NY2d 826, quoting S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., 69 NY2d at 445). "Testimony may be relevant and even highly useful but still not strictly necessary. A finding of necessity takes into account such factors as the significance of the matters, weight of the testimony, and availability of other evidence" (S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., 69 NY2d at 446; see Empire Med. Servs. of Long Is., P.C. v Sharma, 189 AD3d 1176, 1178).
Here, the defendant/third-party plaintiff/second third-party plaintiff, Nussbaum Yates Berg Klein & Wolpow, LLP (hereinafter Nussbaum), failed to demonstrate that the anticipated testimony of counsel for the plaintiff and the third-party defendant, Republic Bank of Chicago, would be necessary to Nussbaum's case and also that such testimony would be prejudicial to the plaintiff (see S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., 69 NY2d at 446; Empire Med. Servs. of Long Is., P.C. v Sharma, 189 AD3d at 1178; Levy v 42 Dune Rd., LLC, 162 AD3d 651). Accordingly, the Supreme Court did not improvidently exercise its discretion in denying that branch of Nussbaum's motion which was to disqualify counsel for the plaintiff and the third-party defendant (see Hudson Val. Mar., Inc. v Town of Cortlandt, 54 AD3d 999).
A waiver of the attorney-client privilege may be found where the client places the subject matter of the privileged communication in issue or where invasion of the privilege is required to determine the validity of the client's claim or defense and application of the privilege would deprive the adversary of vital information (see Siegel v Snyder, 202 AD3d 125, 132). Contrary to Nussbaum's contention, the Supreme Court, upon reargument, did not err in adhering to its prior determination denying that branch of its motion which was, in effect, pursuant to CPLR 3124 to compel disclosure of certain communications between the plaintiff and its counsel on the ground that the attorney-client privilege had been waived (see id. § 2221[d]).
Generally, "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof, by . . . a party" (id. § 3101[a][1]). On this record, the Supreme Court erred in denying that branch of Nussbaum's motion which was, in effect, pursuant to CPLR 3124 to compel the second third-party defendants, Winne Banta Basralian & Kahn, P.C., and Winne Banta Hetherington Basralian & Kahn, P.C., to appear for a deposition and to answer questions seeking nonprivileged information (see Jayne v Smith, 184 AD3d 557; Etzion v Etzion, 62 AD3d 646).
The Supreme Court should have granted that branch of the cross-motion of the third-party defendant which was for summary judgment dismissing the third-party cause of action seeking contribution as barred by General Obligations Law § 15-108(b) (see Rivera v 203 Chestnut Realty Corp., 173 AD3d 1085, 1087; Kagan v Jacobs, 260 AD2d 442, 443). There is no evidence in the record indicating that a release given by the plaintiff to the third-party defendant was not given in good faith (see United States Fire Ins. Co. v Raia, 121 AD3d 970, 971-972; Balkheimer v Spanton, 103 AD3d 603, 603; Ziviello v O'Boyle, 90 AD3d 916, 917).
"[T]he key element of a common-law cause of action for indemnification is not a duty running from the indemnitor to the injured party, but rather is a separate duty owed the indemnitee by the indemnitor" (Raquet v Braun, 90 NY2d 177, 183 [internal quotation marks omitted]; see Razdolskaya v Lyubarsky, 160 AD3d 994, 997). The Supreme Court should have granted that branch of the third-party defendant's cross-motion which was for summary judgment dismissing the third-party cause of action seeking indemnification as the third-party complaint does not allege the existence of any duty owed by the third-party defendant to Nussbaum (see Raquet v Braun, 90 NY2d at 183; Greenberg v Blake, 117 AD3d 683, 684; Balkheimer v Spanton, 103 AD3d at 604; Plemmenou v Arvanitakis, 39 AD3d 612, 614).
DUFFY, J.P., GENOVESI, DOWLING and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court