Gamez v Lopez (2023 NY Slip Op 05250)

Gamez v Lopez

2023 NY Slip Op 05250

Decided on October 18, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 18, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
CARL J. LANDICINO, JJ.

2021-02040
 (Index No. 607732/20)

[*1]Jose Gamez, appellant, 
v
Humberto Lopez, respondent.

Jeffrey Herzberg, P.C., Hauppauge, NY, for appellant.
Law Office of Michael A. Markowitz, P.C., Hewlett, NY (Maria Janella Loaioza of counsel), for respondent.

DECISION & ORDER
In an action to enforce certain provisions of a settlement agreement, the plaintiff appeals from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), entered March 12, 2021. The order granted the defendant's motion to disqualify the plaintiff's counsel, Ivan E. Guerrero, from representing the plaintiff in this action, and denied the plaintiff's cross-motion for summary judgment on the complaint.
ORDERED that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof granting the defendant's motion to disqualify the plaintiff's counsel, Ivan E. Guerrero, from representing the plaintiff in this action, and substituting therefor a provision denying the motion; as so modified, the order is affirmed, without costs or disbursements.
The parties equally own the subject property, located in Levittown. In April 2015, the parties settled an action commenced by the instant defendant, Humberto Lopez, against the instant plaintiff, Jose Gamez, inter alia, for partition of the property (hereinafter the partition action). Pursuant to the parties' settlement agreement, among other things, Lopez agreed to effect the discontinuance or settlement of a foreclosure action related to the property, and place the sum of $20,000 in escrow. In the event Lopez succeeded in settling the foreclosure action within 30 months of the date of the settlement agreement, the parties agreed that Gamez would transfer his ownership interest in the subject property to Lopez, and the escrowed funds would be released to Gamez. However, in the event Lopez failed to settle the foreclosure action within the allotted 30 months, the parties agreed that Lopez would transfer his ownership interest in the property to Gamez, and the escrowed funds would be released to Lopez. In 2017, Lopez moved in the partition action, inter alia, to enforce the terms of the settlement agreement, seeking, among other things, the release of the escrowed funds to Lopez and the transfer of Gamez's interest in the property to Lopez. Lopez asserted that he had obtained an agreement to settle the foreclosure action, but was unable to effectuate it because of the discovery of undisclosed liens against the property that had resulted from Gamez's failure to pay certain debts. In an order entered November 22, 2017, the Supreme Court determined, inter alia, that the subject liens, which predated the settlement agreement, had not been made a part of, and were not incorporated into, the settlement agreement. In addition, the court, in effect, determined that the partition action had been resolved and discontinued upon the parties' execution of the settlement agreement, and therefore, denied Lopez's motion.
In July 2020, Gamez commenced the instant action against Lopez to enforce certain provisions of the settlement agreement. Gamez alleged, inter alia, that Lopez had failed to obtain a settlement of the foreclosure action within the allotted time period and, therefore sought, among other things, to compel Lopez to transfer his ownership interest in the property to Gamez. Lopez interposed an answer in which he asserted, inter alia, five counterclaims, alleging fraudulent inducement, breach of the covenant of good faith and fair dealing, breach of the settlement agreement, for an accounting, and for partition of the property. In his reply to the counterclaims, Gamez asserted several affirmative defenses including, among other things, that Lopez was barred from recovery on his counterclaims by the doctrine of equitable estoppel. In October 2020, Lopez moved to disqualify Gamez's counsel pursuant to the advocate-witness rule. Gamez opposed, and cross-moved for summary judgment on the complaint. In an order entered March 12, 2021, the Supreme Court granted Lopez's motion to disqualify Gamez's counsel, and denied Gamez's cross-motion for summary judgment on the complaint. Gamez appeals.
With respect to his cross-motion for summary judgment, Gamez made a prima facie showing of his entitlement to judgment as a matter of law on the complaint by submitting evidence that Lopez had failed to comply with his obligations under the settlement agreement, namely, to obtain a settlement of the foreclosure action within 30 months of the parties' execution of the settlement agreement in the partition action (see McGee v St. James Prop. Holding Corp., 217 AD3d 937, 939). However, viewing the evidence in the light most favorable to Lopez, with all reasonable inferences resolved in Lopez's favor, the evidence submitted by Lopez in opposition to Gamez's cross-motion raised triable issues of fact as to whether, inter alia, Gamez prevented Lopez from settling the foreclosure action by refusing to sign certain documents required by the mortgagee (see id. at 939). Although Gamez argues that Lopez is collaterally estopped by the order entered November 22, 2017, from arguing that Gamez made Lopez's performance under the settlement agreement impossible, Gamez waived the affirmative defense of collateral estoppel because he did not plead it in his reply to the counterclaims (see CPLR 3211[a][5], [e]; JPMorgan Chase Bank, N.A. v Garcete, 203 AD3d 1149, 1151; Lennon v 56th & Park [NY] Owner, LLC, 199 AD3d 64, 70). Accordingly, the Supreme Court properly denied Gamez's cross-motion for summary judgment on the complaint.
However, the Supreme Court improvidently exercised its discretion in granting Lopez's motion to disqualify Gamez's counsel pursuant to the advocate-witness rule. "[T]he disqualification of an attorney is a matter which rests within the sound discretion of the court. A party's entitlement to be represented in ongoing litigation by counsel of his or her own choosing is a valued right which should not be abridged absent a clear showing that disqualification is warranted, and the movant bears the burden on the motion" (Levy v 42 Dune Rd., LLC, 162 AD3d 651, 652-653 [internal quotation marks omitted]). A party moving to disqualify counsel on the ground that he or she may be called as a witness must demonstrate that (1) the testimony of the opposing party's counsel is necessary to his or her case, and (2) such testimony would be prejudicial to the opposing party (see S & S Hotel Ventures Ltd. Partnership v 777 S.H. Corp., 69 NY2d 437, 446; Kingston Check Cashing Corp. v Nussbaum Yates Berg Klein & Wolpow, LLP, 218 AD3d 760, 761). "Testimony may be relevant and even highly useful but still not strictly necessary. A finding of necessity takes into account such factors as the significance of the matters, weight of the testimony, and availability of other evidence" (S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., 69 NY2d at 446; see Kingston Check Cashing Corp. v Nussbaum Yates Berg Klein & Wolpow, LLP, 218 AD3d at 761). Here, Lopez failed to demonstrate that any anticipated testimony by Gamez's counsel would be necessary to Lopez's case and that such testimony would be prejudicial to Gamez (see S & S Hotel Ventures Ltd. Partnership v 777 S.H. Corp., 69 NY2d at 446; Kingston Check Cashing Corp. v Nussbaum Yates Berg Klein & Wolpow, LLP, 218 AD3d at 761).
Gamez's remaining contention is without merit.
DUFFY, J.P., CHRISTOPHER, WAN and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court