Gillespie v City of Yonkers (2025 NY Slip Op 06692)

Gillespie v City of Yonkers

2025 NY Slip Op 06692

Decided on December 3, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2023-09038
 (Index No. 57337/23)

[*1]Lisa Bracey Gillespie, appellant, 
v
City of Yonkers, respondent.

Alyssa Gillespie, Mount Vernon, NY, for appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an amended order of the Supreme Court, Westchester County (Janet C. Malone, J.), dated July 25, 2023. The amended order, insofar as appealed from, denied that branch of the plaintiff's motion which was to disqualify the defendant's counsel and, sua sponte, rejected a proposed judicial subpoena for the testimony of the defendant's counsel.
ORDERED that the appeal from so much of the amended order as, sua sponte, rejected a proposed judicial subpoena for the testimony of the defendant's counsel is dismissed, without costs or disbursements; and it is further,
ORDERED that the amended order is affirmed insofar as reviewed, without costs or disbursements.
On March 1, 2023, the plaintiff commenced this action to recover damages for personal injuries she allegedly sustained after she slipped and fell at an intersection located in Yonkers on November 19, 2021. The defendant interposed an answer in which it asserted, inter alia, an affirmative defense that the action was barred by the applicable statute of limitations. The plaintiff moved, among other things, to disqualify the defendant's counsel under rule 3.7 of the Rules of Professional Conduct (22 NYCRR 1200.0), on the ground that the testimony of the defendant's counsel is necessary to the plaintiff's claim that the defendant's statute of limitations defense should be barred by the doctrine of equitable estoppel. The defendant opposed the motion. In an amended order dated July 25, 2023, the Supreme Court, inter alia, denied that branch of the plaintiff's motion
and, sua sponte, rejected a proposed judicial subpoena for the testimony of the defendant's counsel.
"The disqualification of an attorney is a matter that rests within the sound discretion of the court" (Alnoukari v Nokari, 218 AD3d 527, 528 [internal quotation marks omitted]; see Matter of Blauman-Spindler v Blauman, 184 AD3d 636, 637). "A party's entitlement to be represented by counsel of his or her choice is a valued right which should not be abridged absent a clear showing that disqualification is warranted" (Greenberg v Grace Plaza Nursing & Rehabilitation Ctr., 174 AD3d 510, 510 [internal quotation marks omitted]; see Falk v Gallo, 73 AD3d 685, 685). On a motion to disqualify an attorney, "[t]he moving party bears the burden of showing that disqualification is warranted" (Matter of Blauman-Spindler v Blauman, 184 AD3d at 637 [internal quotation marks omitted]; see Greenberg v Grace Plaza Nursing & Rehabilitation Ctr., 174 AD3d at 510).
"Rule 3.7[a] of the Rules of Professional Conduct provides that unless certain exceptions apply, '[a] lawyer shall not act as an advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact'" (Falk v Gallo, 73 AD3d at 686, quoting Rules of Prof Conduct [22 NYCRR 1200.0] rule 3.7[a]). "A party moving to disqualify counsel on the ground that he or she may be called as a witness must demonstrate that (1) the testimony of the opposing party's counsel is necessary to his or her case, and (2) such testimony would be prejudicial to the opposing party" (Gamez v Lopez, 220 AD3d 844, 846; see Kingston Check Cashing Corp. v Nussbaum Yates Berg Klein & Wolpow, LLP, 218 AD3d 760, 761). "Merely because an attorney has relevant knowledge or was involved in the transaction at issue does not make that attorney's testimony necessary" (Kingston Check Cashing Corp. v Nussbaum Yates Berg Klein & Wolpow, LLP, 218 AD3d at 761 [internal quotation marks omitted]). "Testimony may be relevant and even highly useful but still not strictly necessary. A finding of necessity takes into account such factors as the significance of the matters, weight of the testimony, and availability of other evidence" (S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., 69 NY2d 437, 446; see Kingston Check Cashing Corp. v Nussbaum Yates Berg Klein & Wolpow, LLP, 218 AD3d at 761).
Here, the plaintiff failed to demonstrate that any anticipated testimony by the defendant's counsel would be necessary to her case. Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was to disqualify the defendant's counsel (see Gamez v Lopez, 220 AD3d at 846; Levy v 42 Dune Rd., LLC, 162 AD3d 651, 652-653).
The remainder of the plaintiff's appeal must be dismissed. No appeal lies as of right from so much of the amended order as, sua sponte, rejected the proposed judicial subpoena for the testimony of the defendant's counsel (see CPLR 5701[a][2]; Sholes v Meagher, 100 NY2d 333, 335), and, under the circumstances, we decline to grant leave to appeal from that portion of the amended order (see CPLR 5701[c]).
CHAMBERS, J.P., WOOTEN, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court