Matter of Singh v Singh (2025 NY Slip Op 07310)

Matter of Singh v Singh

2025 NY Slip Op 07310

Decided on December 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
LILLIAN WAN
SUSAN QUIRK, JJ.

2024-13534
 (Docket Nos. O-19515-23, O-8603-24, O-8608-24)

[*1]In the Matter of Deewan Singh, appellant,
v
Chaterbesal Singh, respondent. (Proceeding No. 1.)
In the Matter of Chaterbesal Singh, respondent,Deewan Singh, appellant. (Proceeding No. 2.)
In the Matter of Harnarine Singh, respondent,
v
Deewan Singh, appellant. (Proceeding No. 3.)

Joseph A. Altman, P.C., Fleetwood, NY, for appellant.
Sean Sabati, Great Neck, NY, for respondents.

DECISION & ORDER
In related family offense proceedings pursuant to Family Court Act article 8, Deewan Singh appeals from an order of the Family Court, Queens County (Dean T. Kusakabe, J.), dated November 25, 2024. The order, insofar as appealed from, granted the motion of Harnarine Singh to disqualify Deewan Singh's counsel from representing Deewan Singh in these related proceedings.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and the motion of Harnarine Singh to disqualify Deewan Singh's counsel from representing Deewan Singh in these related proceedings is denied.
These related family offense proceedings were commenced by Deewan Singh against his brother-in-law Chaterbesal Singh, by Chaterbesal against Deewan, and by Harnarine Singh, Chaterbesal's father and Deewan's father-in-law, against Deewan. These proceedings arise from, inter alia, threats that Deewan and Chaterbesal allegedly made against each other, and threats that Deewan allegedly made against Harnarine. In September 2024, Harnarine moved to disqualify Deewan's counsel, Joseph A. Altman, from representing Deewan in these proceedings, alleging that Altman previously represented Harnarine in a series of real estate transactions. Harnarine further alleged that Altman was a necessary witness in these proceedings because Altman allegedly witnessed threats that Chaterbesal made against Deewan, Deewan's wife, and Altman himself. In an order dated November 25, 2024, the Family Court, inter alia, granted the motion. Deewan appeals.
"'The disqualification of an attorney is a matter that rests within the sound discretion of the court'" (Kaikov v Yadgarov, 216 AD3d 926, 928, quoting Delaney v Roman, 175 AD3d 648, [*2]649). "Although a party's entitlement to be represented in ongoing litigation by counsel of his or her own choosing is a valued right, that right 'will not supersede a clear showing that disqualification is warranted'" (id., quoting Matter of Marvin Q., 45 AD3d 852, 853; seeScopin v Goolsby, 88 AD3d 782, 784). "Any 'doubts as to the existence of a conflict of interest are resolved in favor of disqualification in order to avoid even the appearance of impropriety'" (Kaikov v Yadgarov, 216 AD3d at 928, quoting Janczewski v Janczewski, 169 AD3d 773, 774; see Moray v UFS Indus., Inc., 156 AD3d 781, 784).
"'A party seeking disqualification of its adversary's counsel based on counsel's purported prior representation of that party must establish (1) the existence of a prior attorney-client relationship between the moving party and opposing counsel, (2) that the matters involved in both representations are substantially related, and (3) that the interests of the present client and former client are materially adverse'" (Kaikov v Yadgarov, 216 AD3d at 928, quoting Gjoni v Swan Club, Inc., 124 AD3d 896, 897). "'When the moving party is able to demonstrate each of these factors, an irrebuttable presumption of disqualification follows'" (Matter of Kopet, 164 AD3d 588, 590, quoting Moray v UFS Indus., Inc., 156 AD3d at 782).
Contrary to Harnarine's contention, he failed to meet his burden to show that these proceedings, which are based upon alleged threats made by Chaterbesal and Deewan, are substantially related to the real estate transactions in which Altman previously represented Harnarine. Further, Harnarine failed to establish that Altman received confidential information in connection with the real estate transactions or that there was a reasonable probability that such information would be disclosed in these proceedings. Therefore, Harnarine failed to establish that disqualification of Altman was warranted based on his prior representation of Harnarine (see Sessa v Parrotta, 116 AD3d 1029, 1030; Gabel v Gabel, 101 AD3d 676, 677).
Harnarine also failed to demonstrate that disqualification of Altman was required under the witness-advocate rule. "A party moving to disqualify counsel on the ground that he or she may be called as a witness must demonstrate that (1) the testimony of the opposing party's counsel is necessary to his or her case, and (2) such testimony would be prejudicial to the opposing party" (Gamez v Lopez, 220 AD3d 844, 846; see S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp., 69 NY2d 437, 445-446; Kingston Check Cashing Corp. v Nussbaum Yates Berg Klein & Wolpow, LLP, 218 AD3d 760, 761). "Merely because an attorney has relevant knowledge or was involved in the transaction at issue does not make that attorney's testimony necessary" (Kingston Check Cashing Corp. v Nussbaum Yates Berg Klein & Wolpow, LLP, 218 AD3d at 761 [internal quotation marks omitted]). "'Testimony may be relevant and even highly useful but still not strictly necessary. A finding of necessity takes into account such factors as the significance of the matters, weight of the testimony, and availability of other evidence'" (id., quoting S & S Hotel Ventures Ltd. Partnership v 777 S.H. Corp., 69 NY2d at 446; see Empire Med. Servs. of Long Is., P.C. v Sharma, 189 AD3d 1176, 1177-1178).
Here, Harnarine neither set forth the anticipated content of Altman's testimony nor established that such testimony would be necessary to Harnarine's case and prejudicial to Deewan (see Levy v 42 Dune Rd., LLC, 162 AD3d 651, 653; Goldstein v Held, 52 AD3d 471, 472; Bentvena v Edelman, 47 AD3d 651, 651-652).
Accordingly, the Family Court should have denied Harnarine's motion to disqualify Altman from representing Deewan in these proceedings.
In light of our determination, we need not reach Deewan's remaining contention.
BARROS, J.P., CHAMBERS, WAN and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court