| Reich v Purslane, LLC |
| :---: |
| 2026 NY Slip Op 30803(U) |
| March 5, 2026 |
| Supreme Court, Kings County |
| Docket Number: Index No. 506922/2025 |
| Judge: Reginald A. Boddie |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Commercial Term Part 12 of the
Supreme Court of the State of New York,
held in and for the County of Kings, at the
Courthouse, located at 360 Adams Street,
Borough of Brooklyn, City and State of New
York on the 5th day of March 2026.

P R E S E N T :
Honorable Reginald A. Boddie
Justice, Supreme Court
------------------------------------------------------------------------x

AKIVA REICH,

                     Plaintiff,                      Index No. 506922/2025
                                                Cal. No. 14-16 MS 7-9

               -against-                    DECISION AND ORDER

PURSLANE, LLC, et. al.,

                        Defendants.
------------------------------------------------------------------------x

| The following e-filed papers read herein | NYSCEF Doc Nos. |
|---|---|
| MS 7 | 165-199 |
| MS 8 | 165-199 |
| MS 9 | 165-199 |

By motion sequence 7, Plaintiff Akiva Reich, individually and on behalf of Purslane LLC, move to disqualify Kevin O'Donoghue as Defendants Purslane Boathouse, LLC, and Henry Rich's counsel. By motion sequence 8, Plaintiff moves to compel Defendants to supplement their responses and produce all non-privileged documents responsive to Plaintiff's First Demand for Production, including documents from 2020 to present, and award of fees incurred in bringing this motion. By motion sequence 9, Defendants move for a protective order limiting the scope of discovery and precluding Plaintiff from obtaining any discovery relating to Purslane Boathouse, LLC, and Purslane 233, LLC; striking Plaintiff's document demands and Interrogatories, to the extent they seek post-merger information or records of unrelated entities or are otherwise

1

improper; or in the alternative, staying further discovery post-2020 pending resolution of the pending appeal.

A recitation of the facts is necessary. According to the amended complaint, in 2016, Plaintiff Akiva Reich and Defendant Henry Rich formed a Brooklyn-based event catering company called Purslane, LLC ("Purslane") with Plaintiff owning 50% of the outstanding shares and Defendant owning 25% (the Operating Agreement purportedly contemplated additional shares that were unassigned). In late 2019, Plaintiff alleges that the business relationship between the parties broke down. Further, that Defendant Rich invented flimsy reasons to terminate Plaintiff's majority membership interest in Purslane, including by forming a new entity, Purslane Boathouse, LLC ("Purslane Boathouse"), and supposedly merging Purslane into Purslane Boathouse.

Plaintiff also alleges that, throughout Purslane's operation, Defendant Rich continuously engaged in improper actions, including, among other things: (1) improperly drawing a personal salary which was not permitted under the operating agreement; (2) accepting $70,000 in cash payments for which he failed to account in QuickBooks; (3) engaging in questionable accounting practices and tax evasion by reporting false expenses and making the profits of the company "disappear" to benefit himself and his other partners at Plaintiff s expense; and (4) failing to provide Plaintiff any distribution of profits for 2019 or 2020. Further, in 2019, Plaintiff alleges that Defendant entered into a financing arrangement with an individual who was effectively serving as Purslane's attorney at the time, under which 240 shares of Purslane were "sold" to the attorney based on a $2 million valuation.

This deal allegedly contemplated that the attorney would enjoy 80% of the profits until he was paid a preferred dividend of $660,000. Plaintiff asserts that this effectively means that the attorney would be fully repaid with interest while also keeping the shares, a deal that plaintiff

2

contends no sensible businessperson would have ever agreed to, including himself. Plaintiff alleges that the attorney was granted this "sweetheart deal" because the attorney is an investor and advisor in Defendant's other businesses, which constitutes a breach of fiduciary duty by Defendant to Plaintiff. In addition, on or about January 15, 2020, Plaintiff alleges that he learned that Defendant attempted to terminate his membership in Purslane through a merger with Purslane Boathouse, effective November 24, 2019.

Plaintiff alleges that he never received any compensation for the fair market value of his interest in Purslane despite Defendant Rich claiming, in a letter dated November 21, 2019, that "the original shareholders" of Purslane would be "given fair value for their shares" in merging into Purslane Boathouse. Plaintiff alleges that every other member of Purslane received shares in Purslane Boathouse except himself. Defendants deny these allegations.

As relevant here, Plaintiff alleges that Defendants' counsel, Kevin O' Donoghue, previously represented Plaintiff in connection with the negotiation and drafting of the Operating Agreement at issue here, and therefore is conflicted and cannot serve as counsel for Defendants, who dispute Plaintiff's rights under the Operating Agreement and seek to assert counterclaims related to such. Plaintiff additionally asserts that Mr. O'Donoghue should be disqualified because, as the drafter and participant in the negotiations of the Operating Agreement, he is a necessary witness.

Defendants' counsel acknowledges that he previously represented Plaintiff and Purslane, LLC, in negotiating and drafting the Operating Agreement, which was finalized by his previous law firm, but denies that any conflict exists. Counsel insists that this is simply a tactical maneuver to get him off the case.

3

It has been held that, "the disqualification of an attorney is a matter that rests within the sound discretion of the court" (*see Kaikov v Yadgarove*, 216 AD3d 926 [2d Dept 2023][ citations omitted]). Although a party's entitlement to counsel of its choice is a valued right, that right will not supersede a clear showing that disqualification is warranted ([*id.* [citations and quotations omitted]). In these circumstances, the moving party must establish: 1) the existence of a prior attorney-client relationship between the moving party and opposing counsel; 2) that the matters involved are both substantially related, and 3) that the interest of the present client and the former client are adverse (*id.* [citations and quotations omitted]).

Furthermore, pursuant to rule 3.7 of the Rules of Professional Conduct, unless certain exceptions apply, "a lawyer shall not act as an advocate before a tribunal in which the lawyer is likely to be a witness on a significant issue of fact"(*Kaikov v Yadgarove*, 216 AD3d 926 [2d Dept 2023] [citations omitted]).

Here, Defendants' counsel indicates that he has had contact with the Plaintiff only in the context of drafting an Operating Agreement for Purslane, LLC, and no other involvement or sharing of any confidential information. Further, although Plaintiff alleges counsel is likely to be called as a witness, it is not apparent whether or not such action is strategic, since the attorney completed drafts, but his former firm completed the final version, and the terms of the Operating Agreement do not appear to be in dispute. Additionally, the timing of the motion, MS 7, is a consideration. Accordingly, a hearing shall be conducted for the purpose of determining whether Defendant's counsel is to be disqualified on March 26, 2026, at 11:30 a.m.

Plaintiff's motion, MS 8, to compel discovery is granted. Defendants shall supplement their discovery responses and produce all non-privileged documents responsive to Plaintiff's First Demands for Production from 2020 to present within fifteen days of the filing of this order.

4

[* 4]

Defendants' motion, MS 9, seeks to contravene the previous discovery orders issued by this court and is therefore denied in its entirety.

ENTER:

_Reginald A. Boddie_

Hon. Reginald A. Boddie
Justice, Supreme Court

HON. REGINALD A. BODDIE
J.S.C.